Charles Russell JORDON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12592.

Criminal Court of Appeals of Oklahoma.

July 2, 1958.

Matt S. Simms, Dean Nichols, Sand Springs, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Charles Russell Jordon, plaintiff in error, hereinafter referred to as defendant, was charged by information in the district court of Tulsa County with unlawful possession of intoxicating liquor, second offense; was tried before a jury and convicted, but the jury being unable to agree upon the extent of punishment to be assessed, left that to the court, who fixed the penalty at confinement in the county jail for a period of 90 days, and to pay a fine of $500.[1]

---

1. It will be noted from 37 O.S.1951 § 31 that the punishment prescribed for unlawful possession of intoxicating liquor, a misdemeanor, shall be by a fine of not less than $50 and not more than $500, and by imprisonment for not less than 30 days and not more than 6 months, so that the punishment assessed

The evidence was undisputed that county officers, acting under authority of a search warrant, on May 8, 1957, searched defendant's home in Sand Springs, and after forty-five minutes to an hour, found a quantity of Federal tax-paid whiskey hidden in a false box in a clothes closet at the end of a hall.

Defendant asserts error, and seeks reversal, arguing his case under eight propositions.

First, it is said that the court erred in failing to properly instruct the jury on the issues, and in failing to instruct the jury fully and properly upon the law pertaining to second offenses. Counsel say:

"The jury should have been instructed that any evidence of prior or previous convictions should not be considered by the jury as to the guilt or innocence of the defendant of the crime set forth and alleged in the information, but should only be considered by them with reference to fixing his punishment in the event they find and believe beyond a reasonable doubt that he is guilty as a second and subsequent offender."

As noted by Judge Barefoot for this court in the body of the opinion in Rice v. State, 60 Okl.Cr. 398, 64 P.2d 1240, cited by both the defendant and the State, California (and perhaps a few other states), has a statute that requires that the jury specifically find whether or not the accused has suffered a previous conviction. But Oklahoma has no such statute. Likewise Indiana had no such statute at the time of the Rice opinion, and it was pointed out that in Evans v. State, 150 Ind. 651, 50 N.E. 820, 821, the Indiana court held in substance that a general verdict of "guilty as charged" constitutes a finding against the defendant upon the question of prior conviction as charged.

Of course counsel is right in arguing that the only purpose for having the jury consider a previous conviction or convictions of an accused (see 37 O.S.1951 § 12) is for the enhancing of the punishment to be assessed where the jury finds the accused guilty of the crime presently charged. See Johnson v. State, 79 Okl.Cr. 71, 151 P.2d 801, involving 21 O.S.1951 § 51, but where the principle involved is the same.

The Attorney General points out that counsel for the defendant failed to submit the court any instructions except an instruction requested on the question of prima facie evidence, which the court gave, and a request requiring the jury to assess and declare the punishment, which was given as modified. The State argues that the instructions as given by the court, considered together, fully informed the jury of the offense and the various elements thereof, and the penalty fixed by the statutes.

We have carefully read the instructions given by the court, and nowhere find where he advised the jury that should they find the accused guilty of unlawful possession of intoxicating liquors as charged that they should then inquire as to whether or not he had been convicted of one or both of the previous intoxicating liquor violations alleged, the court to point out that such previous conviction or convictions, if found to have taken place, could not be considered as evidence of accused's guilt in the case on trial, but that they could consider it only for the purpose of determining the enhancement of punishment to be assessed, if any.

See instructions given in Tilghman v. Burns, 91 Okl.Cr. 359, 219 P.2d 263, there complained of and by this court held not

---

was within the penalty prescribed for a misdemeanor, whereas for a second violation under 37 O.S.1951 § 12 it is provided: "For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than Fifty

($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the State Penitentiary * * *."

to be erroneous but proper. See also Carr v. State, 91 Okl.Cr. 94, 216 P.2d 333, certiorari denied 340 U.S. 840, 71 S.Ct. 28, 95 L.Ed. 616.

In Rice v. State, 93 Okl.Cr. 86, 225 P.2d 186, this court in paragraph 2 of the syllabus said:

"Where accused was charged with the crime of Second Degree Burglary, Second Offense, it was proper under the habitual criminal act, Tit. 21 O.S.A. § 51, for the court in stating the issues to set out the allegations as to the previous convictions; and it was not only proper but mandatory that the court further in the instructions advise the jury that the previous convictions of the defendant, if the jury should find beyond a reasonable doubt that there were such convictions, should not be considered in determining the guilt or innocence of the defendant, but only in the determination of the punishment in case they should find the defendant guilty. And it was further necessary in the instruction with reference to the extent of the punishment to be inflicted in case of conviction, that reference be made to the question of former convictions, and such instructions being mandatory where information filed under the habitual criminal act, the contention that such tended to give undue prominence to the fact of former convictions is without substantial merit."

■ Where the court in stating the charge in his instructions to the jury recites and details two prior convictions, as in this case, and nowhere else in the instructions advises the jury the purpose for their consideration of the prior convictions, whether such statements of prior convictions are to be received as facts or whether they are to determine as a fact, if the accused had actually been theretofore convicted as charged, great weight is lent to the argument that the jury might have been influenced in finding the accused guilty of the principle charge by lack of instructions on the question. We say this

although in the present case the undisputed evidence on the part of the State leaves no doubt as to defendant's guilt. Still, we consider it fundamental that an instruction be given as to the purpose of reception of evidence of prior convictions, and that the failure to so advise the jury cannot be treated as harmless error.

In the case of Vincent v. State, Okl.Cr., 318 P.2d 889, involving 47 O.S.1951 § 93, as amended, Laws 1955 p. 263, § 1, of driving an automobile upon the public highways while under the influence of intoxicating liquor, after former conviction of such an offense, the court in Instruction No. 10 set out in the opinion, permitted the jury where it would fail to find as a fact prior conviction or convictions, to then consider whether the defendant was guilty of the offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor, first offense. See also 25 Am.Jur. 280 (35), Habitual Criminals; 116 A.L.R. 236, and 139 A.L.R. 697; Shirley v. State, Okl.Cr., 325 P.2d 92; and see also Shirey v. State, Okl.Cr., 321 P.2d 981, at page 988, where it is said:

"* * * the court by all means, should give an instruction * * * to the effect that defendant could be found guilty either of the principal offense or as a second offender, and the punishment provided by law for each offense should be clearly set forth in the instructions."

We are forced to the conclusion that defendant is entitled to a new trial by failure of the court to give instructions indicated, and while none of the remaining specifications of error are found valid, such propositions will receive attention as a guide in a new trial.

It is contended that the court erred in overruling defendant's motion to strike from the charge in the information the second prior conviction set forth therein.

Counsel state:

"The question here is will the State be permitted to set forth in its preliminary information [before examin-

ing magistrate] allegations concerning two previous convictions at the preliminary hearing, submit evidence of only one conviction, and then be permitted to set forth in the district court information the allegations concerning the previous conviction which was not sustained at the preliminary hearing?"

Counsel then argues that at the preliminary hearing evidence was introduced by the State to sustain but one prior conviction and consequently the other alleged prior conviction should have been omitted from the information thereafter prepared and filed.

■ In Carter v. State, Okl.Cr., 292 P.2d 435, 438, the preliminary complaint contained no allegation of any prior conviction so as to bring the case within the habitual criminal act (21 O.S.1951 § 51). However, after the defendant was bound over to the district court the information prepared contained an allegation of a prior conviction so as to bring the case within the terms of the habitual criminal act and subject defendant to material enhancement of punishment in case of conviction of the crime charged. In the Carter case this court recognized the rule so many times stated that 21 O.S.1951, § 51, in providing enhanced punishment for second and subsequent offenses, does not create or define a new or independent crime, but describes circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous conviction—that habitual criminality is a state, and not a crime. But Judge Brett speaking for the court said:

"The question of the defendant's right to be informed in the magistrate's preliminary complaint that he must face the charge as a second or subsequent offender because of a prior conviction or convictions, is a matter of substance and not just form. Herein, in the complaint, the accused is charged only with burglary but not with being an habitual criminal; while the information herein, not only charges burglary in the first degree, but

charges the accused as an habitual criminal. Hence the case involves the fundamental right of the defendant as to the extent to which he is entitled to be informed in the preliminary complaint; that is, as to whether he is entitled to be informed not only as to the immediate basis thereof but as to the possible punishment that may result from conviction therein as an habitual criminal. In short, is the accused entitled to be informed in the preliminary complaint of all the charges he will be compelled to meet at the time of the trial, as well as the limits of the punishment that may be imposed? We think he is."

■■ In the within case there were allegations of two prior convictions and defendant was put on notice of issues he would have to meet. The case-made does not contain transcript of the evidence introduced at the preliminary hearing. However, the assistant county attorney agreed to a statement by Mr. Simms, counsel for the defendant, that no evidence was introduced at preliminary hearing to support the allegation of one of the two prior convictions alleged. Of course the better practice would be to do this. But it is conceded that evidence was presented to support the allegation of one of the prior convictions. And accused then had notice of two prior convictions and that he was being prosecuted as a second and subsequent offender, and subject to the enhanced punishment provided. This presents an entirely different situation than existed in the Carter case. In the within case there was sufficient evidence to bind defendant over to the district court as a second offender (37 O.S.1951 § 12), and in order for the jury to consider the prior convictions charged, in case defendant was found guilty of the primary charge, it was incumbent on the State to prove to the jury's satisfaction one or both of the two prior convictions alleged. And it can be assumed that the court in his instructions would not permit the jury to consider allegations of any prior conviction charged where the

State failed to produce evidence in support of such allegation. Accused could easily check the allegations of the two prior convictions as the style of the cases, numbers, court and date of judgments were all set out. We cannot conceive of any way whereby the procedure complained of deprived accused of any fundamental right, and none has been pointed out.

It is next contended that the court erred in overruling defendant's motion to suppress. The motion is based on the alleged insufficiency of the affidavit for search warrant. The material parts of the affidavit read as follows:

"I, Raymond Pruitt, being duly sworn depose and say, that in Tulsa County, in the State of Oklahoma, on the 8th day of May, 1957, Charles Butch Jordon & John Doe whose more full and correct name is to your affiant unknown, in certain buildings and premises described as follows, to-wit:

"A certain one-story white frame dwelling, asbestos shingle siding, with breezeway and frame garage attached, located on Lot 13, Block 8, of the Charles Page Home Acres, sub. No. 1, in Tulsa County, Tulsa, Oklahoma, in said county and state, did then and there unlawfully and wilfully have in his possession and under his control, and did then and there unlawfully keep and does now unlawfully have in his possession and under his control, and does keep intoxicating liquors, described as wine, whiskey, beer and other spiritous, fermented and malt liquors, a more particular description of which this affiant cannot give, and certain personal property, fixtures and furniture, consisting of bars, glasses, jugs, bottles, and other furniture, containers and fixtures, a more particular description of which this affiant cannot give, used for same.

"That the said persons are still wilfully and unlawfully keeping the said property and intoxicating liquors above described for the purpose and with intent to violate the laws of the State of Oklahoma and that they are used in and about the business of keeping a place where intoxicating liquors are wilfully and unlawfully sold and/or stored, and that all of the said above described devices, furniture, fixtures, and appliances are being used by said persons in aid of said unlawful business.

"And the affiant further says that the above named persons at the said place and the said buildings, are now engaged in the business of keeping a place where intoxicating liquors are sold, stored, given away and otherwise furnished to divers persons whose names are to this affiant unknown, in violation of the prohibitory laws of the said State of Oklahoma, and is using all of the above described property in connection with and in aid thereof.

"Affiant further states that the above described premises is a place of public resort where divers persons congregate for the purpose of buying, selling, drinking and offering for sale intoxicating liquors and where intoxicating liquors are bartered, stored and given away in violation of the prohibitory laws of the State of Oklahoma and constitutes a public nuisance.

"Known to me to be a whiskey business, that *affiant has been watching said premises recently and has seen persons and/or automobiles going to and from said property at unusual hours of the day and night,* and has stopped automobiles leaving said premises *and found intoxicating liquor in said cars.* That said described premises has the reputation in the community of being a place where liquor is stored and sold in violation of law, and that the person named has the reputation in the community in which he resides as being a person who deals in the unlawful sale of intoxicating liquor."

In support of the insufficiency of the affidavit defendant cites the case of South-

ard v. State, Okl.Cr., 297 P.2d 585, and State v. Edwards, Okl.Cr., 311 P.2d 266.

 We think that a careful study of the Southard case will disclose that the affidavit there is materially different from the affidavit in the present case. In the Southard case we approved the rules of law set forth in Wagner v. State, 72 Okl. Cr. 393, 117 P.2d 162, 163, as guides in the analysis of affidavits for search warrant, where it is said:

"An affidavit for the procurement of a search warrant should not be based upon information and belief, but should state facts upon which the same is based; but when facts are stated in the affidavit, and the same are positive, and by one who has a right to know the facts, it is sufficient ground for the magistrate to issue the warrant.

"In construing the affidavit as a basis for the issuance of a search warrant, the whole affidavit should be considered. While the affidavit and search warrant should be strictly construed, a technical construction should not be placed thereon, which destroys the true meaning."

 While the affidavit in question is by no means a model, still it has been seen from reading the above that it contains positive allegations of purported facts within the knowledge of affiant, and is not based entirely on hearsay, as in the Southard case.

Defendant in propositions four, six, and seven complains of certain of the instructions given. We note that he submitted no other or different instructions than those complained of, and do not consider that the propositions raised merit treatment, as we think the instructions given, with the exception of those omitted and heretofore mentioned, to have fairly submitted the issues.

It is argued that the information filed does not charge any offense against the laws of the State of Oklahoma. Defendant did not demur to the information. After careful reading we conclude that it was sufficient to have withstood a demurrer. We do not consider the proposition merits detailed discussion.

It is finally urged that the court should have sustained defendant's demurrer to the evidence. It is claimed that the State never did identify the man on trial as the man who had been previously convicted.

We note that the defendant was variously referred to as Charles Russell Jordan, "Butch" Jordan, and Charles "Butch" Jordon. We further note that the State offered in evidence the information in case No. 92671 in the court of common pleas of Tulsa County, wherein "Butch" Jordon was charged with unlawful possession of intoxicating liquor, and the judgment in the same numbered case wherein Charles Jorden was convicted of such offense and sentenced to serve 30 days in jail and pay a fine of $100. There was also introduced into evidence by the State the order of commitment in said case.

Also the State introduced in evidence information in case No. 96087 in the court of common pleas of Tulsa County wherein Charles (Butch) Jordan was charged with unlawful sale of intoxicating liquor, and judgment and sentence wherein defendant Charles Jordon was sentenced to serve 30 days in jail and to pay a fine of $100. Also commitment in said case, showing the order for incarceration of the defendant.

 We find that Officers Pruitt, Johnson and Madden testified to the effect that they had assisted in the arrest and prosecution of one Charles "Butch" Jordon in one or more of the cases in question, and pointed him out as the man then on trial in the district court. Such testimony in connection with that of the chief deputy court clerk was sufficient to make out a prima facie case as to the identity of the defendant in the cases in question as being one and the same person then on trial.

In this connection the Attorney General calls attention to the cases of Files v. State, 16 Okl.Cr. 363, 182 P. 911, and Bird v. State, 85 Okl.Cr. 313, 188 P.2d 242. In the first case it was said:

"Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered in evidence of one of the same name as that of the defendant on trial, it is not necessary for the state to prove that the person named in said former conviction and the defendant on trial is one and the same person."

Although defendant was in this case prosecuted as Charles Russell Jordon, the record shows that he also answered to the nickname of "Butch", and at all events the Charles Jordon prosecuted in the two cases in the court of common pleas of Tulsa County and the Charles Russell Jordon prosecuted in the within case were one and the same person.

The case must be reversed for a new trial by reason of the failure to give the instruction mentioned in the opinion.

Judgment reversed, and defendant granted a new trial.

BRETT, P. J., and NIX, J., concur.