**Larry David ROBERTS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–74–56.**

Court of Criminal Appeals of Oklahoma.

May 31, 1974.

Larry David Roberts, pro se.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Larry David Roberts, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–72–120, for the crime of Carrying a Firearm, After Former Conviction of a Felony. His punishment was fixed at term of ten (10) years imprisonment, and he now appeals from the denial of post conviction relief.

Defendant alleges, and the Appearance Docket reflects, that he was not present during a part of his trial. This Court ordered an Evidentiary Hearing which was held April 5th and 9th, 1974, to discover the reason for defendant's absence from his trial.

At the Evidentiary Hearing, defendant testified he left the trial when the noon recess was called at 11:30 a. m. in order to locate Don Jennings who had agreed to testify in defendant's behalf. Defendant testified he returned to court a day or two later to discover a verdict of guilty had been rendered against him. He actually returned three days later. Defendant further testified he called his bondsman, during his absence, but did not remember whether he called his attorney. He claimed police officers harassed the witness, Don Jennings, subsequent to defendant's request that he testify.

Don Jennings testified that he and defendant discussed the trial before it commenced, but that he was never informed of the trial date. He further testified he was never intimidated by police officers and that he was not subpoenaed to appear until the time of the Evidentiary Hearing.

Judge Carmon Harris, who presided at defendant's trial, testified he specifically instructed defendant to be back in court by 1:30 p. m. It was then 11:30 a. m., and the Judge was calling an extended recess for defendant's benefit.

By enacting 22 O.S. § 583 requiring the presence of a defendant at his trial, the Legislature intended to guarantee the right of the accused to appear at his own trial and, thereby, to be protected from trial during his involuntary absence. We do not feel compelled to extend the meaning of the statute to guarantee an accused the right to voluntarily absent himself from his trial, thereby affectuating a mistrial. Such a strained view would force the retrial of numerous cases which would otherwise lead to judgments. See the following cases construing the similar Arkansas statute: Gore v. State, 52 Ark. 285, 12 S.W. 564; Bond v. State, 63 Ark. 504, 39 S.W. 554; Davidson v. State, 108 Ark. 191, 158 S.W. 1103. See also State of Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353.

For the foregoing reasons, the Order Denying Post Conviction Relief is accordingly affirmed, and Larry David Roberts is advised that he has now exhausted his state remedies.

BLISS, P. J., and BRETT, J., concur.