Charles Lester WARREN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–792.

Court of Criminal Appeals of Oklahoma.

April 11, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant, and Charles Lester Warren, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Charles Lester Warren, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–234, for the offense of Burglary Second Degree, After Former Conviction of a Felony. His punishment was fixed at a term of fifteen (15) years in the State penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Jack Ray Leftwich testified that on January 11, 1974, he lived at 2402 Northwest 35th Street, Apartment number 8, Oklahoma City, Oklahoma. He left his apartment in the morning on January 11, 1974, locking his door. He returned about 11:30 a. m. and discovered the door to his apartment "had been jimmied open." (Tr. 7) Two guns, a .38 revolver and a .38 automatic, were missing. The defendant and one Marvin Culwell had lived next door for a short time.

Leslie Wright testified he was employed as a Deputy Sheriff for Oklahoma County and worked in the Records Bureau, taking mug shots and booking prisoners. Deputy Wright identified State's Exhibit No. 1 as a picture of the defendant.

Joe J. Poe testified that he was employed by the Oklahoma City Police Department as a policeman. On January 16, 1974, he arrested the defendant at his mother's house. After advising defendant of his Miranda warnings, the defendant told Officer Poe that he and one Culwell burglarized an apartment at 2402 Northwest 35th Street. He showed Officer Poe where a .38 caliber automatic which had been taken in the burglary was hidden, and Officer Poe recovered it. Officer Poe then identified State's Exhibit No. 1 as a picture of the defendant.

Jack Ray Leftwich was recalled to the stand and identified State's Exhibit Nos. 2 and 3 as being the guns identical to the ones taken from his apartment. He further identified State's Exhibit No. 4 as the gun pouch which had been taken from his apartment.

Charles Sheldon testified he was employed by the Oklahoma City Police Department on January 17, 1974. He interrogated defendant in the Oklahoma City jail after advising him of his Miranda Rights. The defendant then told him that he and one Culwell had broken into an apartment and removed two guns. Officer Sheldon then identified State's Exhibit No. 1 as a picture of the defendant.

The defendant did not appear after the first day of his trial and offered no evidence in his behalf.

In the second stage of his trial, four previous convictions were proven.

Defendant's first proposition asserts his trial was a nullity because the trial was conducted in his absence. The record reveals that defendant was present on the first day of his trial but did not return the

next day. From the record we find the following:

"THE COURT: I want, before we proceed, I want to advise you that the Defendant is not here. I want to further tell you that despite of the fact that he is not here, that as the law in Oklahoma provides we will proceed with trial. However, I would further advise you that in spite of the fact that he is not here that the law as will be told will be told in your written Instructions that it is still the State's burden to prove him guilty beyond a reasonable doubt and that he is still presumed innocent in spite of his not being here. And, with that, ladies and gentlemen, we'll proceed to hear the opening statement on behalf of the State of Oklahoma.

"(proceedings had at the bench out of the hearing of the jury:)

"MR. MILLER: We move for a bond forfeiture and a warrant issued for this man's arrest right now.

"MR. PAGE: Your Honor, I think if the Court would wait about another fifteen minutes for that order to see if he does—

"THE COURT: I'll take that up at the first recess.

"MR. MILLER: All right, sir.

"THE COURT: The Court will withhold issuing a warrant and forfeiting the bond until the first recess, if, at that time, the Defendant has not appeared. The motion will be sustained, the bond will be forfeited and a warrant issued for his arrest." (Tr. 4–5)

\* \* \* \* \* \*

"THE COURT: Let the record show that it is now two minutes until ten A. M., that the Defendant has still failed to appear; that he was in court yesterday during the impaneling of the jury along with his attorney; that the Court recessed, advised—as was everyone in the courtroom—that this case was continued until nine A.M. this morning; that at this time the Court orders that the bond be forfeited and that a warrant be issued for his arrest." (Tr. 12)

The record further reveals that the defendant's attorney was present throughout the entire trial and never moved for a continuance or a mistrial. Since the State and the defendant had announced ready for trial, the jury impanelled and sworn, the trial had commenced.

Thereafter, the trial court proceeded with the trial and the jury returned its verdict without the presence of the defendant. Defendant was subsequently apprehended on April 11, 1974, on the bench warrant and Judgment and Sentence was imposed on June 7, 1974.

The pertinent part of 22 O.S.1971, § 583, provides:

"If the indictment or information is for a felony, the defendant must be personally present at the trial, . . ."

And further, 22 O.S.1971, § 912, provides in part:

"If the indictment or information is for a felony, the defendant must, before the verdict is received, appear in person. . . ."

In the early case of *Humphrey* v. *State,* 3 Okl.Cr. 504, 106 P. 978 (1910), this Court held that it was mandatory for the accused to be present, in person, during the trial of his case and neither he nor his counsel could waive this right. This question was again before this Court in the case of *McClendon* v. *State,* 36 Okl.Cr. 11, 251 P. 515 (1926), wherein this Court recognized there were certain exceptions to the rule as set forth in *Humphrey* v. *State,* supra. In *McClendon,* this Court stated:

"As a general rule, a defendant on trial for a felony must be present throughout the trial, and is not permitted to waive his presence. Humphrey v. State, 3 Okl.Cr. 504, 106 P. 978, 139 Am.St.Rep. 972; Ex parte Lyde, 17 Okl.Cr. 618, 191 P. 606; Cole v. State (Okl.Cr.App.) [35 Okl.Cr. 50,] 248 P. 347. This requirement is for the benefit of the defendant that he may be accorded his constitution-

al and statutory rights, and it is said to be against public policy, and contrary to the dictates of humanity, to permit an accused to waive the advantage his presence may afford him. There are, however, exceptions to the literal enforcement of his right under all conditions. Thus it is generally held that, where the jury during a criminal case is permitted to view the scene of the crime, although such view is a part of the trial, and is the taking of evidence, the presence of defendant is not essential. 16 C.J. 816, § 269. Many authorities are cited in support of this exception. A great many of the states hold in effect that in a case not capital, if the defendant has been released on bail, and absconds, or is voluntarily absent after his arraignment and plea, the trial may proceed, and the verdict be received in his absence. Numerous authorities also hold that a temporary absence from the courtroom for a short time during the trial, even in a capital case, is not such an invasion of a defendant's rights as to be ground for a reversal. Several of the following cases are very similar to this case: 16 C.J. 817, § 2071; People v. Bush, 68 Cal. 623, 10 P. 169; People v. Miller, 33 Cal. 99; Van Houtan v. People, 22 Colo. 53, 43 P. 137; State v. Rubaka, 82 Conn. 59, 72 A. 566; State v. McGinnis, 12 Idaho, 336, 85 P. 1089; Doyle v. Commonwealth, 37 S.W. 153, 18 Ky.Law.Rep. 518; State v. Ricks, 32 La.Ann. 1098; State v. Gonce, 87 Mo. 627; State v. Bell, 70 Mo. 633; State v. Grate, 68 Mo. 22; People v. Bragle, 88 N.Y. 585, 42 Am.Rep. 269; Commonwealth v. Simon, 44 Pa.Super. Ct. 538."

Again in the recent case of *Roberts* v. *State,* Okl.Cr., 523 P.2d 1150 (1974), this Court, in a unanimous opinion ruled on this issue, wherein we stated:

"By enacting 22 O.S. § 583 requiring the presence of a defendant at his trial, the Legislature intended to guarantee the right of the accused to appear at his own trial and, thereby, to be protected from

trial during his involuntary absence. We do not feel compelled to extend the meaning of the statute to guarantee an accused the right to voluntarily absent himself from his trial, thereby affectuating a mistrial. Such a strained view would force the retrial of numerous cases which would otherwise lead to judgments. See the following cases construing the similar Arkansas statute: Gore v. State, 52 Ark. 285, 12 S.W. 564; Bond v. State, 63 Ark. 504, 39 S.W. 554; Davidson v. State, 108 Ark. 191, 158 S. W. 1103. See also State of Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L. Ed.2d 353."

We believe that the most sound reasoning for holding that a defendant waives his right to be present during all of the proceedings of his trial when he voluntarily absents himself from the trial is best summarized in the case of *Diaz* v. *United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1911), wherein the Supreme Court of the United States stated:

"In Falk v. United States, 15 [U.S.] App.D.C. 446, 454, s.c. 180 U.S. 636, 21 Ct.Rep. 922, 45 L.Ed. 709, the accused, who was at large on bail, was present when the trial was begun and during the taking of a portion of the evidence for the government, and then fled the jurisdiction. He was called and defaulted, and the trial proceeded in his absence, the remaining evidence being taken and a verdict of guilt returned. Subsequently he was apprehended, and sentence was then imposed, notwithstanding his objection that the trial had proceeded in his absence. In affirming the judgment, the court of appeals, speaking through Mr. Justice Morris, said:

"(15 U.S.App.D.C. p. 454) 'It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of

such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. For by the statute (U.S.Rev.Stat. § 1015, U.S.Comp. Stat. 1901, p. 718) he is entitled as a matter of right to be enlarged upon bail "in all criminal cases where the offense is not punishable by death;" and therefore, in all such cases, he may, by absconding, prevent a trial. This would be a travesty of justice which could not be tolerated; and it is not required or justified by any regard for the right of personal liberty. On the contrary, the inevitable result would be to abridge the right of personal liberty by abridging or restricting the right now granted by the statute to be abroad on bail until the verdict is rendered. And this the counsel for the appellant appear candidly to admit. But we do not think that any rule of law or constitutional principle leads us to any conclusion that would be so disastrous as well to the administration of justice as to the true interests of civil liberty . . . . .

"(15 U.S.App.D.C. p. 460) 'The question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.' "

Therefore, in the instant case, we find the defendant waived his right to be personally present at his trial by reason of his voluntarily absenting himself during his trial.

The defendant's second proposition asserts the evidence presented in the second stage of his trial was insufficient to sustain the jury's verdict as the State offered no proof that he (defendant) was the same person as that previously convicted of the felonies alleged in the Information.

■ The record clearly reveals during the second stage of defendant's trial that the State, through a deputy court clerk, identified and introduced four certified copies of felony Judgment and Sentences bearing the name of Charles Lester Warren. Further, there was presented evidence that each Judgment and Sentence was final and the defendant was represented by counsel in each case.

In the case of *Williams* v. *State,* Okl.Cr., 364 P.2d 702 (1961), this Court held in Syllabi 1:

"In regard to proof of former conviction under the Habitual Criminal Act, 21 O. S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission."

See also, *Sessions* v. *State,* Okl.Cr., 494 P. 2d 351 (1972).

We, therefore, find this proposition to be without merit.

The defendant's third proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals

will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones* v. *State,* Okl.Cr., 468 P.2d 805 (1970).

█ Defendant's final proposition asserts that the punishment is excessive. We need only observe that the punishment is within the range provided by law, and does not shock the conscience of this Court. See, *Turner* v. *State,* Okl.Cr., 479 P.2d 631 (1971).

For the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BRETT, P. J., dissents.

BLISS, J., concurs.

BRETT, Presiding Judge (dissenting):

I respectfully dissent to this decision. I know of no statutory authority which permits the trial of a defendant "in absentia" as was done in this case. Title 22 O.S. 1971, § 583, provides in part:

"If the indictment or information is for a felony, the defendant must be personally present at the trial, . . ."

Title 22 O.S.1971, § 912, provides in part:

"If the indictment or information is for a felony, the defendant must, before the verdict is received, appear in person. . . ."

In the instant case, defendant was present for the voir dire of the jury, but failed to appear on the second day of the trial. The court proceeded with the trial and subsequently issued a bench warrant. When the jury returned its verdict the defendant was not present. Defendant was subsequently apprehended on the bench warrant and judgment and sentence was imposed on June 7, 1974.

As I now view the statutes, they are mandatory and should be followed, notwithstanding the statements found in *Rob-*

*erts* v. *State,* Okl.Cr., 523 P.2d 1150 (1974), in which I concurred. An analysis of the cases of this jurisdiction reveals that this Court has taken both views of the statutory requirements, but the earlier view was that they are mandatory and without the defendant being present the court loses jurisdiction. I believe that is the intent of the statutes.

*Roberts* cites *Illinois* v. *Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, to support its view that the presence of the defendant is not required; but that case concerned the disruptive defendant and provided that the defendant could be placed in another room to prevent his further disturbance at trial. I hasten to admit that as a practical matter it is simpler to proceed with the trial holding that the defendant waived his appearance, but such holding does not comply with the mandatory provisions of the present statutes. Until the legislature changes the statutes, I believe the mandatory provisions should be followed. One step further could simplify the trial even more, i. e., submit the accused person to trial prior to his apprehension in true "absentia" form. Therefore I respectfully dissent.