Jenetta Marie **WARE** and Peggy Gwendolyn **Smith, Appellants,**

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–447.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellants, Jenetta Marie Ware and Peggy Gwendolyn Smith, hereinafter referred to as defendants, were charged in the District Court, Oklahoma County, Case No. CRF–74–4332, with the offense of Larceny of Merchandise from a Retailer, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1731. They were tried by a jury and convicted of the aforementioned crime. Their punishment was fixed by the jury at ten (10) years in the State Penitentiary in accordance with 21 O.S.1971, § 51. From said judgments and sentences, a timely appeal has been perfected to this Court.

The State's first witness was J. B. McCormick, the store manager at the T. G. & Y. Department Store at 44th and South High in Oklahoma City, on December 17, 1974. He testified to meeting the defendants after they had been arrested for shoplifting on that date; he denied giving them permission to remove anything from the store without paying. He identified the coat that had been stolen, and stated the sale price was $69.00.

As its next witness, the State called Leslie McCalip, an Oklahoma City Police Officer and a part-time store detective at T. G. & Y. He observed the defendants and another woman enter the store together, two of them carrying large purses. He then concealed himself behind a partition complete with one-way mirrors, and observed the three women for a length of time. The two defendants were observed removing a leather coat from the sales rack, and began moving it toward the west end of the store. After moving the coat from rack to rack, he finally observed Ms. King (not a defendant here) roll the coat in a ball and put it in her purse, the two defendants apparently keeping watch and

shielding Ms. King from the view of the main part of the store. He then noted Ms. King exit through a service entrance, walk around to the front of the store, and place the coat in an automobile. Ms. King started back to the store and met the two defendants as they were exiting, at which time this witness arrested all three. He also identified the coat, at which time it was admitted into evidence.

At this time the State rested and the defendants demurrer to the evidence was overruled.

The defendants first witness was Brenda King a/k/a Karen Smith, defendant Smith's sister. She related having earlier pled guilty to the charge, and having received a suspended sentence. This witness assumed complete responsibility for the crime, stating the two defendants were not with her at the time, although they were in the store.

At this time the defense rested, the jury was instructed, and went into deliberations, and thereafter returned the verdict of guilty. The jury was thereupon admonished, and sent home to return the following day at 9:00 a.m. for the second phase of the procedure. The court also made a statement to the defendants, advising they were required to return at 9:00 a.m., and then adjourned.

The second phase was begun at 10:10 a.m. the next morning, in the absence of the defendants, with no reason for the absence given then, or before the court at this time. The State presented conclusive evidence as to former convictions, and the jury returned with a sentence of ten (10) years, from which the defendants here appeal.

■ The defendants first assignment of error is that the court erred in refusing their request for five peremptory challenges each; the court overruling such request and giving them five together. We find this contention to be without merit. The applicable law is contained in 22 O.S. 1971, § 655:

"In all criminal cases the prosecution and the defendant are each entitled to the following peremptory challenges: Provided, That if two or more defendants are tried jointly they shall join in their challenges.

" * * *

"Second. For offenses punishable by imprisonment in the State prison, five jurors each. . . ."

As the statute is directly on point, this contention merits no further consideration or discussion.

■ The defendants second assignment of error alleges that conducting the second phase of the after former conviction in the absence of both defendants was prejudicial to their constitutional and statutory rights. We would first note the statutory language of 22 O.S.1971, § 583, which provides in part:

"If the indictment or information is for a felony, the defendant must be personally present at the trial, . . ."

The statement of facts indicates the defendants were present throughout the first stage of the bifurcated process of the after former prosecution, and seemingly voluntarily absented themselves from the penalty phase. It was held in *Warren v. State,* Okl.Cr., 537 P.2d 443 (1975) that a defendant can waive a statutory right to be personally present at his trial by voluntarily absenting himself during the trial. Accord, *Roberts v. State,* Okl.Cr., 523 P.2d 1150 (1974). Therefore we find the defendant's second contention to be meritless.

■ The defendants next assignment of error was based on the trial court overruling an objection to the proposed instructions, defendants alleging said instructions lacked a provision instructing as to accomplice. Our perusal of the record indicates the instruction as given adequately covered the applicable law, including that of accomplice, therefore we determine this contention to be without merit.

The defendants final assignment of error is that the trial court wrongfully overruled their demurrer to the evidence. As were its companions, this final contention is devoid of merit.

There is abundant Oklahoma authority stating the applicable rule in this area, that the trial court should not sustain a demurrer to the evidence when there is competent evidence reasonably tending to sustain the allegations of the charge. *Towry v. State*, Okl.Cr., 540 P.2d 597 (1975); *Cox v. State*, 15 Okl.Cr. 133, 175 P. 264 (1918). In the instant case the State presented a prima facie case consisting of an eyewitness who observed the shoplifting. The evidence also established the merchandise was taken without permission of the retailer and without payment. Therefore we find the trial court properly overruled the demurrer to the evidence.

Accordingly, finding all of defendants assignments of error to be without merit, it is our opinion that the judgment and sentence should be, and the same is, hereby *AFFIRMED*.

BUSSEY, J., concurs.

BRETT, P. J., concurs in result.