Raymond Andrew **DELANCY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–78–347.

Court of Criminal Appeals of Oklahoma.

June 20, 1979.

James L. Sontag, Nowata, for appellant.

Larry D. Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Kay Jacobs, Legal Intern, for appellee.

## MEMORANDUM OPINION

CORNISH, Presiding Judge:

The appellant, Raymond Andrew Delancy, appeals from a conviction in the District Court of Nowata County, Oklahoma, for the offense of Lewd Molestation, After Former Conviction of a Felony. His punishment was assessed at twenty (20) years' imprisonment.

The question presented is whether an accused has the right to predicate error upon the fact of his voluntary and temporary absence from the courtroom during the progress of the trial.

This case came on for jury trial on November 1, 1977. At the conclusion of the testimony of the State's first witness, the court recessed the trial until 9:30 a. m., November 2. The trial reconvened on that date, and defense counsel informed the court that the appellant was not present because his wife was hospitalized in the maternity ward at the Sand Springs hospital. When informed the appellant could be present within an hour and a half, the court granted a recess until 11:00 a. m. The court reconvened at that time, and the appellant was still absent. Over defense counsel's objection, it was ordered that the trial proceed. Between 11:00 a. m. and the noon recess, direct and cross-examination of the physician who examined the victim and the direct examination of the arresting officer took place. At 1:30 p. m. when the trial reconvened, the appellant was once again present in the courtroom and remained throughout the trial.

The appellant's sole contention is that the trial court deprived him of his fundamental right to a fair trial by proceeding with the felony trial, after objection, when his absence had been explained. The State urges that due to the voluntary nature of the appellant's absence, the trial court was justified in proceeding with the trial.

The statutory language of 22 O.S.1971, § 583, forms the basis for this appeal and provides, in pertinent part: "If the indictment or information is for a felony, the defendant must be present at the trial, . . . .[1] The intent of the Legislature in enacting this statute was discussed in *Roberts v. State*, Okl.Cr., 523 P.2d 1150 (1974), where this Court said in a unanimous opinion:

"By enacting 22 O.S. § 583 requiring the presence of a defendant at his trial, the Legislature intended to guarantee the right of the accused to appear at his own

---

1. Title 22 O.S.1971, § 583, provides:
    "If the indictment or information is for a felony, the defendant must be personally present at the trial; but if for a misdemeanor not punishable by imprisonment, the trial may be had in the absence of the defendant; if, however, his presence is necessary for the purpose of identification, the court may, upon application of the county attorney, by an order or warrant, require the personal attendance of the defendant at the trial."

trial and, thereby, to be protected from trial during his *involuntary* absence. We do not feel compelled to extend the meaning of the statute to guarantee an accused the right to *voluntarily* absent himself from his trial, thereby affectuating a mistrial. Such a strained view would force the retrial of numerous cases which would otherwise lead to judgments. . ." (Emphasis ours, citations omitted)

We find the logic of *Roberts v. State*, supra, persuasive.[2] In the instant case, the trial court did consider the appellant's request for a one and one-half hour recess to allow him to return to Nowata from Sand Springs, Oklahoma. The court granted this request when informed the appellant would return immediately. By all accounts, sufficient time was allowed for the return trip. No extenuating circumstances necessitating a further delay are reflected by the record. If the attendant circumstances had been otherwise, it would have been within the sound discretion of the court to have granted additional time to the appellant before the proceedings reconvened.

We find no abuse of discretion in the trial judge's decision to reconvene the trial in absentia. The appellant waived his right to be present throughout all proceedings, by voluntarily absenting himself during a portion of the trial. See *Ware v. State*, Okl. Cr., 556 P.2d 1073 (1976); *Warren v. State*, Okl.Cr., 537 P.2d 443 (1975).[3]

While the appellant makes no allegation of error concerning the sentence imposed, we feel compelled to point out that twenty (20) years is not excessive in view of the appellant's prior conviction for Rape in the First Degree.

Finding no error which would justify modification or reversal, the judgment and sentence is, accordingly, *AFFIRMED*.

2. In *Roberts v. State*, Okl.Cr., 523 P.2d 1150 (1974), the defendant left the trial during a noon recess to locate a witness who had agreed to testify in his behalf. He returned to court three days later, only to discover a verdict of guilty had been rendered against him.

3. *Ware v. State*, Okl.Cr., 556 P.2d 1073 (1976), held that where a defendant voluntarily absented himself from the penalty phase of bifurcated

BRETT, J., dissents.

BUSSEY, J., concurs.

BRETT, Judge, dissenting.

Notwithstanding my concurrence in *Roberts v. State*, supra, I now feel compelled to follow my position stated in *Warren v. State*, supra. I believe the statute means what it says and should be followed, as stated in my dissent to *Warren*, supra. The State possesses the mechanics and authority to obtain the presence of the defendant and to assure his future participation in the trial. That is what should have been done in this case. It is too easy to move from one position of permitting a trial in absentia to yet another position that will subsequently allow the trial without the defendant's presence at any stage of the trial. Therefore, I respectfully dissent to this decision.

prosecution, he waived the statutory right to be personally present at trial. In *Warren v. State*, Okl.Cr., 537 P.2d 443 (1975), this Court held that a defendant who was present on the first day of trial but failed to return for the remainder of trial, waived his right to be personally present at his trial by reason of his voluntarily absenting himself.