**Sam LOVE, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–250.**

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1984.

Mark Barrett, Sp. Counsel, Appellate Public Defender System, Norman, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Sam Love, Jr., hereinafter referred to as appellant, was convicted of Larceny of Merchandise from a Retailer, After Former Conviction of Two or More Felonies, in Oklahoma County District Court, Case No. CRF–82–2608. He was sentenced to twenty (20) years' imprisonment and he appeals.

Evidence presented at trial established that the appellant purchased a cassette tape at a Target store in Oklahoma City. He then removed a television valued at $169 from the shelf of the Target store and placed his packaged cassette tape on top of the television so that the receipt of the package could be seen. He left the store

with the television, without paying for it. He was apprehended by two Target security officers in the parking lot outside.

The appellant's first two assignments of error concern the fact that, after the noon recess of the first day of trial, he failed to reappear, and the remainder of the trial was conducted in his absence. He first argues that the trial court erroneously concluded he had waived his right to be present at trial; and argues secondly that his interests in being present at trial outweighed the public interest in having the trial proceed. We disagree with both contentions.

According to the terms of 22 O.S.1981, § 583, "[i]f the indictment or information is for a felony, the defendant must be personally present at trial...." This Court stated in *Roberts v. State*, 523 P.2d 1150 (Okl. Cr.1974), that:

> By enacting 22 O.S. § 583 requiring the presence of a defendant at his trial, the Legislature intended to guarantee the right of the accused to appear at his own trial and, thereby, to be protected from trial during his involuntary absence. We do not feel compelled to extend the meaning of the statute to guarantee an accused the right to voluntarily absent himself from his trial, thereby affectuating a mistrial. Such a strained view would force the retrial of numerous cases which would otherwise lead to judgments. 523 P.2d at 1151.

See also, *Sonnier v. State*, 597 P.2d 771 (Okl.Cr.1979); *Delancy v. State*, 596 P.2d 897 (Okl.Cr.1979); *Warren v. State*, 537 P.2d 443 (Okl.Cr.1975) cert. denied 422 U.S. 1047, 95 S.Ct. 2664, 45 L.Ed.2d 699 (1975).

■ In the present case, when it became apparent that the appellant was absent, a 65 minute recess was granted to find him. During that time, it was deduced that he had voluntarily gone to New Mexico to be a witness in a trial there.[1] We are convinced

---

1. The record reflects in pertinent part as follows:

    THE COURT: Let the record reflect that it is now 2:35 P.M. The Defendant, who is on bond, has not returned to the Court, and we have waited and waited. You know something about this, Mr. Faulkner, if you want to

that the trial court correctly concluded the appellant was voluntarily absent, thereby waiving his statutory right to be present at trial. *Sonnier*, supra, *Roberts*, supra.

■ The appellant's absence did not effect any change in the strategy of his defense, since counsel had never planned to call the appellant as a witness. Thus, in consideration of the circumstances surrounding the appellant's disappearance, and of the time and financial investment already made in the case by the State up to that point, we conclude that the trial court correctly decided to overrule the appellant's motion for mistrial and to proceed. *Sonnier*, supra; *Delancy*, supra; *Warren*, supra; *Roberts*, supra. The first two assignments are without merit.

The appellant's third and fourth assignments of error concern the prior felony convictions which were used to enhance his punishment under 21 O.S.1981, § 51(B).

■ The second page of the information originally filed against the appellant erroneously alleged that he had three prior convictions for Forgery. The State was allowed to amend the information at trial to correct one of the allegations of Forgery to Carrying a Weapon into an Establishment Where Beer or Alcoholic Beverages are Consumed. The appellant now alleges it was error to permit the amendment.

No objection was made to the proposed amendment. Furthermore, the appellant had ample prior notice that he was being charged as an habitual offender under § 51(B), and was provided with sufficient information to allow him to investigate and defend against these allegations. The case numbers of all three prior felonies alleged at the preliminary hearing were correct. The only error was the one erroneously styled crime. We find no merit to his argument. *Simmons v. State*, 549 P.2d 111 (Okl.Cr.1976); *Jordon v. State*, 327 P.2d 712 (Okl.Cr.1958).

■ The appellant has also alleged that two of the prior convictions resulted from a single transaction, thus only one of those convictions should have been alleged in support of Section 51(B).[2] We first note that this matter was not raised at trial.[3]

put something into the record here. You told the Defendant to report back, and ....
MR. FAULKNER (Defense Counsel): Yes, Your Honor, for the record, I asked the Defendant and witnesses to report back to the courtroom at 1:00 o'clock, so that I could confer with them briefly before the trial would reconvene at 1:30.
It is now 2:30, and I have had no messages, they have left no messages at my office, or anything to indicate that they're having trouble, and I have no knowledge as to the whereabouts of the Defendant.
THE COURT: He was in open court this morning when we voir dired the jury, and the jury was sworn to try the case. Opening statement has been made by the Prosecutor, and there is a record of that. All parties, the witnesses, the jurors, the Defendant were all ordered to be back in court at 1:30. I repeated that time at least twice. There ought to be a record of that.
The Court feels that it would frustrate justice if we would abort this trial. In view of the law, I intend to proceed without the Defendant in this matter.
MR. FAULKNER: For the record, Your Honor, I come on behalf of the Defendant, and ask the Court to declare a mistrial. To put this man to trial would deny him a certain statutory and constitutional right, the right to confront his accusers, and other statutory rights inherent with a trial. For these reasons I would ask the Court to declare a mistrial. THE COURT: What I picked up about this case, with the bondsman here in court took it's hearsay information, but there was indications that he planned to go to New Mexico. You, yourself, had said he had a voucher to appear there in New Mexico as a witness. And there are indications that he would not return, and I think it's intentional. And I think it would frustrate justice if we did declare a mistrial, so your motion will be overruled.
Even upon this appeal, the appellant has made no assertion that his absence was other than voluntary.

2. Title 21 O.S.1981, § 51(B) states in pertinent part, "Felony offenses relied upon shall not have arisen out of the same transaction or occurrence or series of events closely related in time and location ...."

3. In the recent case of *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr.1983), this Court held that this matter constitutes an affirmative defense. Although we do not apply *Bickerstaff* to the present case, we would emphasize that the burden is upon defendants to prove the convictions

Secondly, although the prior convictions are numerically sequential, and guilty pleas were entered to both on the same date, evidence presented by the state established that, upon arresting the appellant on the forgery charge in a bar, it was discovered that he was carrying a loaded weapon.[4] We are satisfied that the convictions stemming from these circumstances are not the type of interrelated convictions prohibited by Section 51(B). We find no reason to disturb the jury's verdict.

The judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting:

I respectfully dissent to this decision for the same reasons stated in my dissents to *Delancy v. State*, supra, at 899, and *Warren v. State*, supra, at 448.

arose out of the same transaction or occurrence or series of events closely related in time and location.

4. In addition, the copies of the judgments and sentences filed by the appellant upon this appeal reveal that the forgery charges stemmed from a check written by the appellant to "Environs Inc."; whereas the carrying a weapon charge stemmed from the fact that he had the weapon in the "Red Dog Saloon."