**Roger D. FARLEY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–83–435.

Court of Criminal Appeals of Oklahoma.

March 31, 1986.

Order Withdrawing Opinion
April 2, 1986.

**112**

John Thomas Briggs, Briggs & Briggs, Pawhuska, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, for appellee.

OPINION

BRETT, Judge:

Roger D. Farley, appellant, was tried and convicted in Osage County District Court, Case No. CRF–81–1897, of Robbery by Force or Fear and Assault and Battery with a Deadly Weapon. The jury set punishment at five (5) years' imprisonment for the robbery conviction and thirty (30) days' imprisonment in the county jail plus a fine of $100 for the assault conviction. The trial judge suspended three (3) years of appellant's sentence on the robbery convic-

tion and ordered the sentences to run concurrently.

At trial the prosecutor specifically referred to the appellant's failure to come forward upon learning that there was a warrant out for his arrest. The appellant objected at trial, and on appeal asserts that such comments constituted reversible error. The State relies on *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), for the proposition that the questions were proper.

It is true that the *Jenkins* court found no *constitutional* impropriety in the prosecution's use of the defendant's prearrest silence for impeachment purposes. However, that Court noted:

"Our decision today does not force any state court to allow impeachment through the use of prearrest silence. Each jurisdiction remains free to formulate evidentiary rules defining the situations in which silence is viewed as more probative than prejudicial. We merely conclude that the use of prearrest silence to impeach a defendant's credibility does not violate the Constitution."

*Id.* at 240–41, 100 S.Ct. at 2130.

There are circumstances under which prior silence may be viewed as inconsistent with testimony and hence may be used to impeach the testimony of a witness. Under other circumstances, however, silence may be so highly ambiguous that it lacks sufficient probative value to bear on the credibility of the witness. The question before this Court is whether the appellant's silence was more probative than prejudicial or vice versa.

One can conceive of a variety of situations where an innocent suspect would not offer himself or his story to the police. For example, the suspect may believe that he has committed no crime and therefore has no call to explain himself to the police. Or, he may fear disbelief of his story or retaliation by the police. He may feel that since the circumstances point to his guilt, he needs to remain free to try to prove his innocence. The failure of an accused to voluntarily turn himself in to the police is

simply too ambiguous to have sufficient probative value to overcome the prejudicial negative implications.

We conclude that evidence of prearrest silence does not increase the probability that a defendant's testimony is false. Therefore such evidence is irrelevant under 12 O.S.1981, § 2401. Accordingly, inquiry by the prosecution as to why a defendant did not turn himself in to make a statement to the police is improper. Reversible error occurred in the case at bar when the trial judge failed to sustain the defense objection to the questions relating to appellant's prearrest silence.

The case is REVERSED and REMANDED for new trial.

PARKS, Presiding Judge, specially concurring:

I concur with both the result reached by Judge Brett in this case and the rationale underlying the same. I agree that, in the absence of special circumstances, 12 O.S. 1981, §§ 2401, 2403 precludes, on grounds of relevance, the use of a defendant's pretrial silence to impeach his trial testimony. I write separately only to note that the New York Court of Appeals reached this same conclusion through a scholarly analysis of the issue in *People v. Conyers*, 52 N.Y.2d 454, 438 N.Y.S.2d 741, 420 N.E.2d 933 (1981).

### ORDER WITHDRAWING OPINION OF MAY 6, 1985

On May 6, 1985, this Court entered an UNPUBLISHED OPINION in the above styled and numbered appeal. Thereafter, on May 21, 1985, the Attorney General filed a petition for rehearing. On the basis of that petition for rehearing the original opinion was withdrawn and on March 31, 1986, a second published opinion was filed.

Through inadvertance the opinion of May 6, 1985, was not withdrawn by order.

NOW THEREFORE, in order to clarify the record, this Court finds that an order should be entered showing that the original opinion was withdrawn.

IT IS THEREFORE ORDERED, that the record shall reflect that the opinion of May 6, 1985, was officially withdrawn and a second opinion filed on March 31, 1986, was entered in lieu of the original opinion. Judge Ed Parks filed a special concurrence to the opinion of March 31, 1986.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 2nd day of March, 1986.

ED PARKS, P.J.
TOM BRETT, J.