Carolyn Sue BRANHAM, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15038.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1971.

Robert E. Parker, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Waldo F. Bales, City Atty., Phil Frazier, City Prosecutor, City of Tulsa, for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge:

Plaintiff in error, Carolyn Sue Branham, hereinafter referred to as defendant, was charged by information in the Municipal Criminal Court of the City of Tulsa, Tulsa County, State of Oklahoma, with the crime of "Committing An Act Of Lewdness." The information alleged that on May 7, 1968, in the City of Tulsa, Oklahoma, defendant offered to engage in an act of sexual intercourse with the complaining witness, and accepted money in furtherance of the engagement. Defendant was tried by a jury, found Guilty and was sentenced to serve one hundred and eighty days (180) days in the Tulsa County Jail, and from that judgment and sentence this appeal has been perfected.

Defendant sets forth six assignments of error in her brief, which are argued in three propositions; however, only the second proposition needs to be discussed in reversing this conviction, to-wit: that reversible error was committed when the trial court commenced defendant's trial in her absence. The record shows that on the preceding day the jury had been selected; however, the day the trial was commenced, defendant was not present in the courtroom. The prosecutor, on the court's instructions, proceeded to read the information to the jury and had commenced interrogating his first witness when the defendant arrived in the courtroom.

To support this proposition defendant cites Bardsher v. State, 35 Okl.Cr. 185, 249 P. 437 (1926); Cole v. State, 35 Okl.Cr. 50, 248 P. 347 (1926); and Stuart v. State,

6 Okl.Cr. 27, 115 P. 1026 (1911); all of which construe the meaning of Title 22 O.S.1961, § 583. In Bardsher v. State, *supra*, this Court stated:

"In a misdemeanor case where the punishment may be imprisonment or a fine and imprisonment, the accused must be personally present at the trial or must personally have waived the right to be present.

There is no showing in the record that this defendant personally waived her presence. We must therefore conclude that defendant's contentions are correct, and the judgment and sentence herein must be reversed.

It is therefore ordered that the conviction of defendant Carolyn Sue Branham, in Municipal Criminal Court of the City of Tulsa, Oklahoma, case No. 83974, is hereby reversed.

BUSSEY, P. J., and NIX, J., concur.