**Emerson R. PHILLIPS, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15194.**

Court of Criminal Appeals of Oklahoma.

June 16, 1971.

D. Warren Crisjohn, Yale, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

OPINION

BRETT, Judge:

This is an appeal from the County Court of Pawnee County, Oklahoma, for the offense of Speeding. The "First Amended Information;" filed with that court, alleges that plaintiff in error, Emerson R. Phillips, hereafter referred to as defendant, was apprehended on October 23, 1967, for speeding sixty-six (66) miles per hour at nighttime, when the posted speed-limit was fifty-five (55) miles per hour. On October 21, 1968, a purported trial was afforded defendant in the Justice of the Peace Court, without the defendant being present. The Justice of the Peace found defendant guilty, assessed his fine at Twenty ($20.00) Dollars, and court costs. Defendant filed his Notice of Appeal and posted his appeal bond, which was the only court document transmitted on October 30, 1968, by the Justice of the Peace to the county court. Upon the insistence of the prosecutor, defendant's case was set on the November 1st docket for trial.

The transcript of record forwarded by the court clerk reflects that defendant served notice on the court waiving a jury trial, but upon the insistence of the prosecutor the case was set on the jury docket for November 1, 1968; however, because defense counsel was in the District Court of Payne County, Oklahoma, and was unable to be present in the Pawnee County Court until just before noon, the case was stricken from the docket until the next

regular trial day, November 6, 1968. Defendant timely filed his Motion to require the Justice of the Peace to transmit the trial records to the county court; his Motion to set aside the purported "First Amended Information," and objected to being tried without the proper jurisdiction being established. Over defendant's objections, he was arraigned and his jury trial was commenced on November 6, 1968, with the jury returning a verdict finding defendant guilty and leaving the punishment to the court. The court assessed defendant's fine at Fifty ($50.00) Dollars, and court costs. From that judgment and sentence this appeal was perfected.

In his brief defendant sets forth five specifications of error, but it is only necessary to discuss the first one which challenges the jurisdiction of the trial court. Defendant's theory of his appeal from the justice court was founded on the ground of jurisdiction. 39 O.S.1961, § 504, provides concerning the trial of a criminal charge in the Justice of the Peace Court:

> "The defendant must be personally present before the trial can proceed."

39 O.S.1961, § 585, also provides, with reference to appeals:

> "Upon an appeal being taken, the justice *must*, within five days, *transmit* to the clerk of the appellate court, a certified copy of his docket, the pleadings, all notices, motions and other papers filed in the cause, and the undertakings filed; and the justice may be compelled by the appellate court, by an order entered upon motion, to transmit such papers, and, if the return be defective to make further return and may be fined for neglect or refusal to transmit the same. A certified copy of such order may be served on the justice by the party or his attorney. In the appellate court either party may have the benefit of all legal objections made in the justice's court."

(Emphasis Added)

It was obvious that defendant was attacking the jurisdiction of the county court to consider an appeal, because of the void judgment in the justice court. Defendant made every effort to require the transmittal of records, but to no avail. In addition, the prosecutor elected to stand on his "Amended Information" from a "void" judgment. The argument of the State's brief is directed toward defendant's objection to a speedy trial, which we conclude does not satisfy the requirements of this appeal.

We are therefore of the opinion the defendant was not afforded a fair trial and due process of law. The justice court lacked jurisdiction of defendant's person, when trial and judgment and sentence were summarily had in defendant's absence; and the county court lacked jurisdiction to consider the appeal from a void judgment. See: Branham v. Criminal Court of Tulsa, Oklahoma, Okl.Cr., 480 P. 2d 281 (1971).

It is therefore ordered that the appeal herein is reversed and remanded with instructions to the District Court of Pawnee County, Oklahoma, to dismiss Case No. 11,891, originally filed in the County Court of Pawnee County, Oklahoma.

BUSSEY, P. J., and NIX, J., concur.