**Larry Leon WALKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–349.**

Court of Criminal Appeals of Oklahoma.

June 18, 1986.

Rehearing Denied July 17, 1986.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Larry Leon Walker, was convicted in the District Court of Oklahoma County, Case No. CFR–81–3687, of Unlawful Cultivation of a Controlled Dangerous Substance, After Former Conviction of Two or More Felonies, for which he received a sentence of twenty-five (25) years' imprisonment, and he appeals raising four assignments of error.

During the early morning of August 16, 1981, Oklahoma City Police Officer James Linam was in the area of the 7200 block of North Robinson of Oklahoma City responding to a call regarding an attempted theft of a light colored van when he observed and attempted to stop a van matching that description after it ran a stop sign. Even though Linam was employing his siren and lights, the van failed to stop until it ran through a fence, struck a gas meter and a second fence all of which occurred several minutes after the chase began. The appellant, who was driving, jumped out of the van, ignored Officer Linam's order to stop, but was nevertheless apprehended within twenty minutes by other officers in the area.

After the van had been impounded, and during the course of an inventory, Officer Linam found a plastic container, half-filled with dirt containing three plants which were later identified by laboratory analysis as marijuana. He testified that after advising the appellant of his rights, he questioned the appellant who told the officer that he was growing the plants in a field the location of which was in Oklahoma City. However, the officer in searching that area could not locate the marijuana.

■ The appellant alleges as his first two assignments of error, that the State failed to prove the element in the crime charged of ownership or control of land, and that they also failed to prove the corpus delicti, that marijuana was being illegally cultivated. Both arguments are based on the erroneous assumption that an accused must be shown to have ownership or control of a certain piece of real estate. The three marijuana plants in question were being grown in a pot, which was found in the appellant's van. This Court has held that "land" for the purposes of this statute includes potted soil. See, *Box v. State*, 541 P.2d 262 (Okl.Cr.1975), and *Capehart v. State*, 559 P.2d 861 (Okl.Cr. 1977). Consequently, there is competent evidence in the record from which a jury could reasonably conclude that the appellant was guilty as charged. Therefore, these assignments of error are without merit.

■ In his third assignment of error, the appellant argues that the trial court should have instructed the jury on the lesser included offense of Possession of a Controlled Dangerous Substance, which does not require ownership or control of land. Based upon the same erroneous assumption stated in the first two assignments of error, the appellant argues that the evidence indicated guilt of only the lesser charge, and therefore fundamental error was committed when the instruction was not given. As we held in *Capehart*, supra, at 863:

> The State's evidence, if believed, showed the defendant guilty of the crime of cultivation, and nothing less; the defendant's evidence, if believed, would have showed him to be an innocent party without knowledge of the presence of the marijuana and without control or dominion over it. See, *McKee v. State*, 531 P.2d

**1274** 

343 (Okl.Cr.1975). Thus, the evidence presented at trial did not support a finding of any such lesser offense; we have held if such acts (relating to lesser included offenses) are not in evidence, it is unnecessary for an instruction to be given thereon. *Sargent v. State,* 509 P.2d 143 (Okl.Cr.1973). It is the opinion of this Court that the trial court properly refused the defendant's requested instruction; the defendant was either guilty of cultivation of the proscribed plants, or not guilty.

We adopt the same reasoning and holding in the case now before us. Therefore, this assignment of error is also without merit.

█ As his final assignment of error, the appellant alleges that the trial court erred in allowing the second stage of the trial to proceed in appellant's absence. The record shows that the trial court delayed proceedings while waiting for the appellant to appear the morning after the first stage of the trial had been completed, in which the appellant had been found guilty. When he failed to appear, the trial proceeded, and the jury returned a verdict assessing his punishment at twenty-five (25) years' imprisonment. Two years later, the appellant appeared in court and was sentenced in accordance with the verdict of the jury. We previously held in a similar fact situation that a defendant can waive a statutory right to be personally present at his trial by voluntarily absenting himself during the trial. *Ware v. State,* 556 P.2d 1073 (Okl. Cr.1976). We find this assignment of error to be without merit.

The judgment and sentence is **AFFIRMED.**

PARKS, P.J., and BRETT, J., concur.