2010 OK CR 9

**Crystal Lea WATSON, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2009–400.

Court of Criminal Appeals of Oklahoma.

June 2, 2010.

Gerald J. Lovoi, Tulsa, OK, attorney for appellant at trial.

Frederick S. Esser, District Attorney, Will Drake, Assistant District Attorney, Washington Co. Courthouse, Bartlesville, OK, attorney for the State at trial.

Mark P. Hoover, Norman, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Lori S. Carter, Assistant Attorney General, Oklahoma City, OK, attorney for the State on appeal.

## OPINION

LUMPKIN, Judge.

¶ 1 Appellant Crystal Lea Watson was tried in a non-jury trial and convicted of Trafficking in Illegal Drugs (Count I) (63 O.S.Supp.2004, § 2–415), Unlawful Possession of Controlled Dangerous Substance with Intent to Distribute (Count II) (63 O.S.Supp. 2005, § 2–401(B)(2)); Acquiring Proceeds from Drug Activity (Count III) (63 O.S.2001, § 2–503.1); and Possession of a Firearm After Former Conviction of a Felony (Count IV) (21 O.S. Supp.2005, § 1283), Case No. CF–2007–17, in the District Court of Washington County. The Honorable Curtis L. DeLapp, District Judge, sentenced Appellant to twenty-five (25) years imprisonment in each of Counts I, II and III, plus fines and costs, said sentences to run concurrent; and ten (10) years imprisonment in Count IV, plus fines and costs, said sentence to run concurrent with the sentences in Counts I–III. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in support of her appeal:

I. The District Court's decision to try Appellant in absentia was in error.

II. Appellant's separate convictions for trafficking in illegal drugs and unlawful possession of drugs with intent to distribute violated the Section 11 prohibition against multiple punishments for a single act.

III. Because the State failed to produce sufficient evidence to show that Appellant was guilty of the crimes charged, this Court must reverse her convictions and remand the matter with instructions to dismiss.

IV. The trial court's imposition of twenty-five year sentences for trafficking and unlawful possession with intent to distribute is shockingly excessive.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that reversal is warranted in Proposition One.

¶ 4 In her first proposition of error, Appellant contends the trial court erred in conducting her trial in her absence. The record shows that the non-jury trial was begun on Friday, December 19, 2008. Defense counsel was present and the case called for trial. Appellant was not present. When the court inquired, defense counsel said he expected Appellant to be there. He said he had spoken with her the previous Monday when she came to his office to help with trial preparations. With the court's permission, defense counsel and courthouse personnel searched in and around the courthouse for Appellant. However, she could not be located. Finding no reason had been given for her absence, the court held the trial would proceed in her absence. Defense counsel objected and requested a continuance. The court overruled the objection, denied the continuance and proceeded to trial. Appellant was convicted as charged.

¶ 5 Appellant eventually turned herself in on April 24, 2009, and appeared for sentencing on April 29. She told the court she "got scared" and left town before her trial started. She said she went to see a friend in Idaho, but eventually decided to come back to Oklahoma and turn herself in. She explained that she thought if she was gone long enough and "didn't make anymore mistakes that the court would see I was trying to make an effort and would go easier on me, but it just kept getting worse and worse."

¶ 6 Under Oklahoma state law, a defendant must be personally present at the trial if he/she is being prosecuted for a felony and when a verdict is returned. 22 O.S.2001, §§ 583 & 912.[1] The "right to be present" is rooted primarily in a defendant's Sixth Amendment right to confront the witnesses against him/her. *Jones v. State*, 2006 OK CR 5, ¶ 68, 128 P.3d 521, 543–544. A defendant's Fifth Amendment due process right is violated only if the defendant's absence from some portion of the proceedings is shown to have impaired his/her ability to defend himself/herself. *Id.* However, the right of a criminal defendant to attend a felony trial is not an absolute right; it may be waived. *Gregg v. State*, 1992 OK CR 82, ¶ 24, 844 P.2d 867, 876–877, *citing Peters v. State*, 1973 OK CR 443, ¶ 13, 516 P.2d 1372, 1374–1375. A defendant's right to be present in open court during a felony trial is waived by his/ her voluntary absence or disruptive conduct. *Id., citing Royal v. State*, 1988 OK CR 203, ¶ 6, 761 P.2d 497, 498–99. *See also Warren v. State*, 1975 OK CR 60, ¶¶ 13–15, 537 P.2d 443, 445. This Court reviews the trial court's decision to proceed with a trial *in absentia* for an abuse of discretion. *Delancy v. State*, 1979 OK CR 56, ¶ 6, 596 P.2d 897, 899.

¶ 7 The above cited cases and the majority of our state cases concern a defendant who absented himself/herself from trial after trial had begun.[2] *See Easlick v. State*, 2004 OK CR 21, ¶ 16, 90 P.3d 556, 559 (defendant failed to appear on second day of trial); *Van White v. State*, 1999 OK CR 10, ¶¶ 30–31, 990 P.2d 253, 264–265 (defendant absent during final day of competency trial); *Darks v. State*, 1998 OK CR 15, ¶¶ 33–39, 954 P.2d 152, 161–163 (defendant absent during individual *voir dire* of the jurors and the sentencing phase of trial); *Carpenter v. State*, 1996 OK CR 56, ¶ 19, 929 P.2d 988, 994 (defendant escaped before sentencing hearing); *Brown v. State*, 1994 OK CR 12, ¶¶ 46–49, 871 P.2d 56, 69–70 (defendant asked to be absent during penalty phase); *Gregg*, 1992 OK CR 82, ¶ 22, 844 P.2d at 876 (defendant asked to be excused from courtroom prior to the jury's exits and during arguments on motions); *Royal*, 1988 OK CR 203, ¶ 6, 761 P.2d at 498–99 (defendant failed to return after the first day of a two day trial); *Walker v. State*, 1986 OK CR 93, ¶ 6, 720 P.2d 1272, 1274 (defendant absent from sentencing stage of trial); *Love v. State*, 1984 OK CR 40, ¶¶ 3–5, 675 P.2d 466, 467–68 (defendant failed to return to trial after State's opening and a lunch recess); *Delancy*, 1979 OK CR 56, ¶¶ 3–6, 596 P.2d at 898 (defendant absent during a portion of the State's case-in-chief); *Warren*, 1975 OK CR 60, ¶ 7, 537 P.2d at 444 (defendant absent after first day of trial); *Peters*, 1973 OK CR 443, ¶ 12, 516 P.2d at 1374 (during State's opening statement, defendant screamed, shouted, jumped up and was forcibly removed from courtroom).[3]

¶ 8 However, in *Branham v. State*, 1971 OK CR 32, ¶ 2, 480 P.2d 281, 282, as in the present case, the defendant was absent when trial began (Branham did appear in the courtroom by the time the State's first witness was on the stand). Relying on cases which construed the meaning of 22 O.S.1961, § 583, this Court found error in trying the defendant *in absentia* because "[t]here is no showing in the record that this defendant

---

1. 22 O.S.2001, § 583 provides:
   If the indictment or information is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor not punishable by imprisonment, the trial may be had in the absence of the defendant; if, however, his presence is necessary for the purpose of identification, the court may, upon application of the district attorney, by an order or warrant, require the personal attendance of the defendant at the trial.
   22 O.S.2001, § 912 provides:
   If the indictment or information is for a felony, the defendant must, before the verdict is received, appear in person. If it is for a misdemeanor, the verdict may, in the discretion of the court, be rendered in his absence.

2. This list is not all inclusive but a sampling of the cases addressing the issue.

3. In *Sonnier v. State*, 1979 OK CR 70, ¶ 6, 597 P.2d 771, 773 this Court rejected the appellant's claim of error in the trial court's failure to grant a continuance when the defendant and his chief counsel failed to appear. It is not clear from the opinion whether this was the first day of trial or after trial had begun. However, as *Sonnier* relies on *Warren v. State*, 1975 OK CR 60, 537 P.2d 443, a case where the defendant appeared for the first day of trial but thereafter absented himself, it is not relied upon as a case where the defendant was absent from the start of trial.

personally waived her presence." 1971 OK CR 32, ¶¶ 3–4, 480 P.2d at 282.[4]

¶ 9 The United States Supreme Court addressed the issue of the absent defendant at the start of trial in *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993). In that case, the defendant was duly notified of his trial date but failed to appear at the start of trial. Trial began when scheduled and continued in the defendant's absence. Approximately six months later, Crosby was apprehended and returned for sentencing.

¶ 10 The Supreme Court's decision that it was error to try Crosby in absentia was based upon its reading of Federal Rule of Criminal Procedure 43. "The language, history, and logic of Rule 43 support a straightforward interpretation that prohibits the trial *in absentia* of a defendant who is not present at the beginning of trial. Because we find Rule 43 dispositive, we do not reach Crosby's claim that his trial *in absentia* was also prohibited by the Constitution." 506 U.S. at 262, 113 S.Ct. at 753.

¶ 11 Federal Rule of Criminal Procedure 43 is much more detailed than §§ 583 and 912. However, the Supreme Court's observations on the difference between "pretrial flight" and "midtrial flight" are instructional. While acknowledging "that there are no talismanic properties which differentiate the commencement of a trial from later stages", the Supreme Court said that with "midtrial flight", "the defendant's initial presence serves to assure that any waiver [of the right to be present at trial] is indeed knowing." 506 U.S. at 261, 113 S.Ct. at 752 (internal citations omitted).

■ ¶ 12 It is well established that a waiver of a constitutional right will not be presumed from a silent record. *Miranda v. Arizona,* 384 U.S. 436, 475–476, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966); *Valega v. City of Oklahoma City,* 1988 OK CR 101, ¶ 5, 755 P.2d 118, 119. Further, waiver of a statutory right will not be presumed from a silent record. *Van White,* 1999 OK CR 10, ¶ 31, 990 P.2d at 265; *Branham,* 1971 OK CR 32, ¶¶ 3–4, 480 P.2d at 282. In each of

the state cases cited above where this Court upheld the defendant's waiver of his/her right to be present at trial, a knowing and voluntary waiver was found in the record—whether it was a verbal waiver after the defendant was advised of his/her rights, a voluntary absence, or disruptive conduct after an advice of rights. *See also Brown,* 1994 OK CR 12, ¶ 50, 871 P.2d at 71 (trial court need only advise defendant of right to be present at trial; it is not necessary for the trial court to "recite an extensive litany of the consequences of an accused's actions before an accused can be allowed to waive his right to be present during trial").

■ ¶ 13 In the present case, while Appellant's absence from trial was certainly voluntary in that she absented herself from trial of her own accord, the record does not reflect that she was ever advised of her right to be present at trial and that she knowingly waived that right. Mere absence at the start of a trial is not sufficient to support a voluntary waiver of the right to be present at trial.

■ ¶ 14 This conclusion brings up a related issue—just exactly what is the start of trial? We find that for purposes of determining whether a trial can proceed in the defendant's absence, trial begins when jury selection begins. *See Lockett v. State,* 2002 OK CR 30, ¶ 9, 53 P.3d 418, 422 (*"voir dire* is a critical stage of the criminal proceeding, during which the defendant has a constitutional right to be present", *citing Gomez v. United States,* 490 U.S. 858, 873, 109 S.Ct. 2237, 2246, 104 L.Ed.2d 923 (1989)). *See also Darks,* 1998 OK CR 15, ¶ 35, 954 P.2d at 162 ("[t]here is no way to assess the extent of prejudice, if any, a defendant might suffer by not being able to advise his attorney during jury selection"); *Rigsby v. State,* 55 Okl.Cr. 61, 24 P.2d 1016, 1018 (1933) ("[i]t is not necessary for a defendant to be present in court at the trial, except from the beginning of the impaneling of the jury until the verdict is recorded and the jury finally discharged"). If the defendant is absent at the start of jury selection, a voluntary waiver of his/her right to be present at trial must be in the record

---

4. 22 O.S.1961, § 583 reads the same as 22 O.S. 2001, § 583.

or the trial is to be held in abeyance pending the defendant's appearance before the court.

¶ 15 In the present case, absent any record of Appellant's voluntary waiver of her right to be present at trial, we find the trial court abused its discretion in conducting her trial *in absentia.*

¶ 16 We must now decide whether this constitutional error was harmless. *See Van White,* 1999 OK CR 10, ¶ 32, 990 P.2d at 265. In order for constitutional error to be deemed harmless, the Court must find beyond a reasonable doubt, that it did not contribute to the verdict. *Id., citing Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The standard for constitutional violations is well-known: reversal is in order unless the State can show the error was harmless beyond a reasonable doubt. *Id., citing Arizona v. Fulminante,* 499 U.S. 279, 295, 111 S.Ct. 1246, 1258, 113 L.Ed.2d 302 (1991); *Bartell v. State,* 1994 OK CR 59, ¶ 11, 881 P.2d 92, 95–97; *Simpson v. State,* 1994 OK CR 40 ¶ 34, 876 P.2d 690, 701.

¶ 17 The record in this case shows that a "no-knock" search warrant was executed at a motel room shared by Appellant and her boyfriend, Tony Olden. They were the only people in the room. As the officers entered the room, Appellant said that everything in the room was hers and that Olden did not know "anything about anything" in the room. The subsequent search yielded over $5,000.00 cash bundled up with rubber bands; digital scales, rolling papers and an additional $200.00 cash; a loaded .38 Ruger; 8.24 grams of cocaine base (crack), 15.57 grams of crack, and marijuana in two baggies weighing 3.59 grams and 5.64 grams, respectively. Appellant was taken into custody and voluntarily gave a written statement claiming ownership of all of the contraband in the room and said that Olden had nothing to do with it.

¶ 18 At sentencing, Appellant attempted to challenge the reliability of her statements to police claiming they were made while she was under the influence of drugs and under a threat of harm from Olden. Before she could elaborate, the judge told her that such information was relevant only to trial and not sentencing. Had the court heard Appellant's statements during trial, the court could have possibly determined that she had no ability to control disposition of the contraband in the motel room. As much of the State's evidence could only have been refuted or contested by Appellant herself, conducting her trial in her absence was not harmless error.

¶ 19 Accordingly, we find this case be must reversed and remanded for a new trial consistent with this opinion. The other allegations of error raised on appeal are therefore moot.

## DECISION

¶ 20 The Judgment and Sentence is REVERSED and REMANDED FOR A NEW TRIAL. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2010), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, V.P.J. and LEWIS, J.: concur.

C. JOHNSON, P.J.: dissents.