LUMPKIN, PRESIDING JUDGE:
 

 ¶1 Petitioner, David Neil Dunn, was charged by Information in the District Court of Muskogee County Case No. CF-2015-1155 with Robbery in the First Degree (Count 1) ( 21 O.S.2011, § 798 ), First Degree Burglary (Count 2) ( 21 O.S.2011, § 1431 ), Kidnapping (Count 3) ( 21 O.S.Supp.2012, § 741 ), Larceny of an Automobile (Count 4) ( 21 O.S.2011, § 1720 ), and Possession of a Firearm After Former Felony Conviction (Count 5) ( 21 O.S.2011, § 1283(A) ). The State further alleged that Appellant had committed these offenses After Two or More Felony Convictions.
 

 ¶2 On June 5, 2017, Petitioner entered a blind plea of no contest to the charges with the assistance and advice of his appointed counsel. The Honorable Michael Norman, District Judge, accepted Petitioner's plea and set the matter for sentencing pending receipt of the pre-sentence investigation report. On September 8, 2017, the District Court sentenced Petitioner to imprisonment for life in Counts 1 and 2, twenty (20) years in Count 3, ten (10) years in Count 4, and five (5) years in Count 5. The District Court imposed various fines, fees, and costs and further ordered the sentences to run consecutively.
 
 [1]
 

 ¶3 On September 15, 2017, Petitioner filed his Motion to Withdraw Plea. On October 8, 2017, the District Court held an evidentiary hearing on Petitioner's request. Petitioner had been transported to the Department of Corrections and was not present at the hearing. The District Court denied Petitioner's motion. Petitioner timely filed his Notice of Intent to Appeal seeking to appeal the denial of his application to withdraw plea.
 

 ¶4 Petitioner raises the following propositions of error in support of his appeal.
 

 I. Petitioner was denied his due process right to be present and assist in presenting to the Court his Motion to Withdraw Plea.
 

 II. Petitioner was deprived of his right to effective assistance of counsel.
 

 ¶5 After thorough consideration of these propositions and the entire record before us on appeal, we find the case must be remanded to the District Court for a proper hearing on the motion to withdraw.
 

 ¶6 In Proposition One, Petitioner contends that he was denied due process when the
 District Court proceeded to hear his motion to withdraw in his absence. He argues this violated his right to be present and assist in his case.
 

 ¶7 The United States Supreme Court has held that under the Due Process Clause of the Fourteenth Amendment "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."
 
 Kentucky v. Stincer
 
 ,
 
 482 U.S. 730
 
 , 745,
 
 107 S.Ct. 2658
 
 , 2667,
 
 96 L.Ed.2d 631
 
 (1987). Thus, we have recognized that "a defendant has a due process right to be present where his presence 'bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend.' "
 
 Lockett v. State
 
 ,
 
 2002 OK CR 30
 
 , ¶ 9,
 
 53 P.3d 418
 
 , 423,
 
 quoting
 

 Snyder v. Massachusetts
 
 ,
 
 291 U.S. 97
 
 , 106,
 
 54 S.Ct. 330
 
 , 332,
 
 78 L.Ed. 674
 
 (1934). " '[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' "
 
 Ryder v. State
 
 ,
 
 2004 OK CR 2
 
 , ¶ 29,
 
 83 P.3d 856
 
 , 864 (
 
 quoting
 

 Snyder
 
 ,
 
 291 U.S. at 107-08
 
 ,
 
 54 S.Ct. at
 
 333 ). However, "[t]he defendant's presence is not required where such 'presence would be useless, or the benefit but a shadow.' "
 
 Ryder
 
 ,
 
 2004 OK CR 2
 
 , ¶ 29,
 
 83 P.3d at 864
 
 (
 
 quoting
 

 Snyder
 
 ,
 
 291 U.S. at 106-07
 
 ,
 
 54 S.Ct. at
 
 332 ).
 

 ¶8 Although this Court has recognized that the evidentiary hearing held on a motion to withdraw plea is a "critical stage" for the purposes of the Sixth Amendment right to the assistance of counsel,
 
 Randall v. State
 
 ,
 
 1993 OK CR 47
 
 , ¶ 6,
 
 861 P.2d 314
 
 , 315, we have not recognized that a criminal defendant has the right to be present at such an evidentiary hearing. We now explicitly recognize this right.
 

 ¶9 Our primary concern in evaluating the validity of a guilty plea is whether the plea was entered voluntarily and intelligently.
 
 Tate v. State
 
 ,
 
 2013 OK CR 18
 
 , ¶ 40,
 
 313 P.3d 274
 
 , 285, (
 
 citing
 

 Boykin v. Alabama
 
 ,
 
 395 U.S. 238
 
 ,
 
 89 S.Ct. 1709
 
 ,
 
 23 L.Ed.2d 274
 
 (1969) ). These issues focus on the defendant's knowledge and volition. Often, it is the defendant who offers crucial testimony on these matters. Thus, his or her absence from the evidentiary hearing held on the motion to withdraw plea would tend to thwart a fair and just determination of these issues. Even when the defendant does not testify, his or her familiarity with the circumstances would greatly benefit defense counsel and, therefore, his or her presence is likely critical to the fairness of the proceedings. Accordingly, we find that a defendant has a due process right to be present at the evidentiary hearing held on his or her motion to withdraw plea.
 

 ¶10 Turning to the present case, we find that Petitioner was denied the right to be present at the hearing held on his motion. When the matter came on for hearing, the District Court announced on the record that Petitioner did not appear because he had already been transported to the Department of Corrections. The District Court inquired and defense counsel affirmed that he had spoken with Petitioner and "fe[lt] comfortable proceeding without him." Counsel then renounced Petitioner's request to withdraw his plea and, instead, reargued for the merger of three of the counts.
 

 ¶11 The right of a defendant to be present is not an absolute right; it may be waived.
 
 Watson v. State
 
 ,
 
 2010 OK CR 9
 
 , ¶ 12,
 
 234 P.3d 111
 
 , 114. However, this Court will not presume the waiver of a defendant's right to be present from a silent record.
 

 Id.
 

 ;
 
 Van White v. State
 
 ,
 
 1999 OK CR 10
 
 , ¶ 31,
 
 990 P.2d 253
 
 , 265. This Court has upheld a defendant's waiver of his or her right to be present at trial where a knowing and voluntary waiver was found in the record,
 
 i.e.
 
 , "a verbal waiver after the defendant was advised of his/her rights, a voluntary absence, or disruptive conduct after an advice of rights."
 
 Watson
 
 ,
 
 2010 OK CR 9
 
 , ¶ 12,
 
 234 P.3d at 114
 
 .
 

 ¶12 Defense counsel's announcement of his feelings in the present case did not operate to waive Petitioner's constitutional and statutory rights. As nothing in the record establishes that Petitioner knowingly and voluntarily waived his right to be present at the evidentiary hearing, we find that he was denied due process.
 

 ¶13 Citing Petitioner's failure to argue on appeal that his plea was not knowingly or voluntarily entered, the State argues that this error was harmless. The denial of the constitutional and statutory right to be present is subject to harmless error review.
 
 Watson
 
 ,
 
 2010 OK CR 9
 
 , ¶ 16,
 
 234 P.3d at
 
 115 ;
 
 Van White
 
 ,
 
 1999 OK CR 10
 
 , ¶ 32,
 
 990 P.2d at 265
 
 . In order for a constitutional error to be deemed harmless the Court must find beyond a reasonable doubt, that it did not contribute to the verdict.
 
 Watson
 
 ,
 
 2010 OK CR 9
 
 , ¶ 16,
 
 234 P.3d at
 
 115 (
 
 citing
 

 Chapman v. California
 
 ,
 
 386 U.S. 18
 
 , 24,
 
 87 S.Ct. 824
 
 , 828,
 
 17 L.Ed.2d 705
 
 (1967) ). "The standard for constitutional violations is well-known: reversal is in order unless the State can show the error was harmless beyond a reasonable doubt."
 

 Id.
 

 , (
 
 citing
 

 Arizona v. Fulminante
 
 ,
 
 499 U.S. 279
 
 , 295,
 
 111 S.Ct. 1246
 
 , 1258,
 
 113 L.Ed.2d 302
 
 (1991) ).
 

 ¶14 We cannot agree with the State's assertion. Petitioner entered a no contest blind plea on the morning of his jury trial. Petitioner's Motion to Withdraw Plea alleged all of the counts should have merged pursuant to 21 O.S.2011, § 11 and that the plea was not knowingly and voluntarily entered. Petitioner did not withdraw either claim prior to the evidentiary hearing. Because Petitioner was the only person who could fully explain why the plea was not knowingly or voluntarily entered, his testimony was essential to the outcome of the hearing. As Petitioner was not present at the hearing, he was unavailable to provide testimony in support of this claim and defense counsel withdrew that portion of the motion challenging the validity of the plea. On appeal, Petitioner could not properly raise this issue because there was no evidence presented at the evidentiary hearing.
 
 See
 

 Anderson v. State
 
 ,
 
 2018 OK CR 13
 
 , ¶ 4,
 
 422 P.3d 765
 
 , 767 ("If a matter is not presented to the trial court, there is nothing for this Court to review."). The effect of Petitioner's absence was to deny him the record required for this Court's review of the voluntariness of his no contest plea.
 

 Id.
 

 ,
 
 2018 OK CR 13
 
 , ¶ 4,
 
 422 P.3d 765
 
 , 767. Therefore, we conclude the State has not shown that this error was harmless beyond a reasonable doubt. We find the case must be remanded to the District Court for a proper hearing on Petitioner's motion to withdraw.
 

 ¶15 In Proposition Two, Petitioner challenges the effectiveness of counsel throughout the proceedings. In light of the error which occurred and the relief granted in Proposition One, we find that this issue is moot.
 

 DECISION
 

 ¶16 The Petition for a Writ of Certiorari is
 
 GRANTED
 
 . The case is
 
 REMANDED TO THE DISTRICT COURT FOR AN EVIDENTIARY HEARING ON THE MOTION TO WITHDRAW PLEA CONSISTENT WITH PETITIONER'S RIGHT TO BE PRESENT
 
 . Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch. 18, App. (2018), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon the delivery and filing of this decision.
 

 LEWIS, V.P.J.: Concur in Part Dissent in Part
 

 HUDSON, J.: Concur
 

 KUEHN, J.: Concur
 

 ROWLAND, J.: Concur
 

 LEWIS, VICE PRESIDING JUDGE, CONCURS IN PART AND DISSENTS IN PART:
 

 ¶1 I agree in principle with the majority that the hearing on a motion to withdraw the plea is a critical stage of a criminal prosecution, and that due process protects the right to be present when necessary to a full and fair hearing. We need not explicitly "recognize" this right or enhance it with new procedural requirements, because it already exists. I respectfully disagree that the Petitioner here was denied the right to be present at this hearing, or that he has shown any constitutional harm as a result.
 

 ¶2 Petitioner's technical challenge to counsel's waiver of his presence rather cleverly avoids any material substance about
 
 how
 
 his presence might have contributed to, or possibly altered, the outcome. Trial counsel appeared at the hearing and informed the court
 that he and the Petitioner had discussed the motion, and that counsel was prepared to proceed on Petitioner's behalf. Counsel then specifically renounced the prior written claim that the plea was involuntary, and argued for sentencing relief based on a theory of merger.
 

 ¶3 The lawyer is an officer of the court as well as an agent of the client, and is generally presumed to possess the authority to act for a client in the matter under representation until the contrary is shown.
 
 North Side State Bank v. County Commissioners
 
 ,
 
 1994 OK 34
 
 , ¶ 25,
 
 894 P.2d 1046
 
 , 1055. Petitioner has not rebutted this presumption, and thus has not shown that his presence was "denied" in any meaningful sense. Counsel was not simply stating his "feelings" about Petitioner being present. A fair reading of counsel's comments was that Petitioner's presence was unnecessary to a fair presentation of his
 
 actual
 
 claims. Indeed, if the record before us is "silent" in some important respect, it is deafeningly so as to any facts that would draw into question the Petitioner's waiver of his right to a jury trial, and his consent to being found guilty and sentenced by the court.
 

 ¶4 We have never held that a personal waiver of the right to be present on the record is necessary for every important hearing in a criminal prosecution, especially when counsel is present to protect the defendant's interests. Such a rule would effectively demand the defendant's presence at all times, if only to consent not to be present. Nor does the Fourteenth Amendment guarantee this right " 'when presence would be useless, or the benefit but a shadow.' "
 
 Jones v. State
 
 ,
 
 2006 OK CR 5
 
 , ¶ 70,
 
 128 P.3d 521
 
 , 544 (quoting
 
 Snyder v. Massachusetts
 
 ,
 
 291 U.S. 97
 
 , 106-107,
 
 54 S.Ct. 330
 
 , 332,
 
 78 L.Ed. 674
 
 (1934) ).
 

 ¶5 The procedural right to be present is not a license to trifle with the court, or for appellate counsel to revoke every ostensibly disadvantageous act or declaration made by trial counsel in the defendant's absence. Petitioner pled no contest, knowing that he would be found guilty and sentenced by the court within the statutory ranges, which he was. He was understandably disappointed with those sentences, but he has offered no credible, factual reason, either in the trial court or in this appeal, to doubt the knowing and voluntary nature of his pleas.
 

 ¶6 There are cases where the denial of a Petitioner's right to be present at the hearing on a motion to withdraw plea "would tend to thwart a fair and just determination of the issues," and violate due process of law. This is not one of those cases, and no relief is warranted.
 

 Petitioner is required to serve 85% of his sentences for First Degree Robbery and First Degree Burglary prior to becoming eligible for consideration for parole. 21 O.S.Supp.2014, § 13.1.