DUNN v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:DUNN v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 DUNN v. STATE
2018 OK CR 35
Case Number: C-2017-1050
Decided: 11/08/2018
DAVID NEIL DUNN, Petitioner v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2018 OK CR 35, __ __

 

 

SUMMARY OPINION GRANTING CERTIORARI
AND REMANDING FOR EVIDENTIARY HEARING

LUMPKIN, PRESIDING JUDGE:

¶1 Petitioner, David Neil Dunn, was charged by Information in the District Court of Muskogee County Case No. CF-2015-1155 with Robbery in the First Degree (Count 1) (21 O.S.2011, § 798), First Degree Burglary (Count 2) (21 O.S.2011, § 1431), Kidnapping (Count 3) (21 O.S.Supp.2012, § 741), Larceny of an Automobile (Count 4) (21 O.S.2011, § 1720), and Possession of a Firearm After Former Felony Conviction (Count 5) (21 O.S.2011, § 1283(A)). The State further alleged that Appellant had committed these offenses After Two or More Felony Convictions.

¶2 On June 5, 2017, Petitioner entered a blind plea of no contest to the charges with the assistance and advice of his appointed counsel. The Honorable Michael Norman, District Judge, accepted Petitioner's plea and set the matter for sentencing pending receipt of the pre-sentence investigation report. On September 8, 2017, the District Court sentenced Petitioner to imprisonment for life in Counts 1 and 2, twenty (20) years in Count 3, ten (10) years in Count 4, and five (5) years in Count 5. The District Court imposed various fines, fees, and costs and further ordered the sentences to run consecutively.[1]

¶3 On September 15, 2017, Petitioner filed his Motion to Withdraw Plea. On October 8, 2017, the District Court held an evidentiary hearing on Petitioner's request. Petitioner had been transported to the Department of Corrections and was not present at the hearing. The District Court denied Petitioner's motion. Petitioner timely filed his Notice of Intent to Appeal seeking to appeal the denial of his application to withdraw plea.

 

¶4 Petitioner raises the following propositions of error in support of his appeal.

I. Petitioner was denied his due process right to be present and assist in presenting to the Court his Motion to Withdraw Plea.

II. Petitioner was deprived of his right to effective assistance of counsel.

¶5 After thorough consideration of these propositions and the entire record before us on appeal, we find the case must be remanded to the District Court for a proper hearing on the motion to withdraw.

¶6 In Proposition One, Petitioner contends that he was denied due process when the District Court proceeded to hear his motion to withdraw in his absence. He argues this violated his right to be present and assist in his case.

¶7 The United States Supreme Court has held that under the Due Process Clause of the Fourteenth Amendment "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667, 96 L.Ed.2d 631 (1987). Thus, we have recognized that "a defendant has a due process right to be present where his presence 'bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend.'" Lockett v. State, 2002 OK CR 30, ¶ 9, 53 P.3d 418, 423, quoting Snyder v. Massachusetts, 291 U.S. 97, 106, S.Ct. 330, 332, 78 L.Ed. 674 (1934). "'[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" Ryder v. State, 2004 OK CR 2, ¶ 29, 83 P.3d 856, 864 (quoting Snyder, 291 U.S. at 107-08, 54 S.Ct. at 333). However, "[t]he defendant's presence is not required where such 'presence would be useless, or the benefit but a shadow.'" Ryder, 2004 OK CR 2, ¶ 29, 83 P.3d at 864 (quoting Snyder, 291 U.S. at 106-07, 54 S.Ct. at 332).

¶8 Although this Court has recognized that the evidentiary hearing held on a motion to withdraw plea is a "critical stage" for the purposes of the Sixth Amendment right to the assistance of counsel, Randall v. State, 1993 OK CR 47, ¶ 6, 861 P.2d 314, 315, we have not recognized that a criminal defendant has the right to be present at such an evidentiary hearing. We now explicitly recognize this right.

¶9 Our primary concern in evaluating the validity of a guilty plea is whether the plea was entered voluntarily and intelligently. Tate v. State, 2013 OK CR 18, ¶ 40, 313 P.3d 274, 285, (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). These issues focus on the defendant's knowledge and volition. Often, it is the defendant who offers crucial testimony on these matters. Thus, his or her absence from the evidentiary hearing held on the motion to withdraw plea would tend to thwart a fair and just determination of these issues. Even when the defendant does not testify, his or her familiarity with the circumstances would greatly benefit defense counsel and, therefore, his or her presence is likely critical to the fairness of the proceedings. Accordingly, we find that a defendant has a due process right to be present at the evidentiary hearing held on his or her motion to withdraw plea.

¶10 Turning to the present case, we find that Petitioner was denied the right to be present at the hearing held on his motion. When the matter came on for hearing, the District Court announced on the record that Petitioner did not appear because he had already been transported to the Department of Corrections. The District Court inquired and defense counsel affirmed that he had spoken with Petitioner and "fe[lt] comfortable proceeding without him." Counsel then renounced Petitioner's request to withdraw his plea and, instead, reargued for the merger of three of the counts.

¶11 The right of a defendant to be present is not an absolute right; it may be waived. Watson v. State, 2010 OK CR 9, ¶ 12, 234 P.3d 111, 114. However, this Court will not presume the waiver of a defendant's right to be present from a silent record. Id.; Van White v. State, 1999 OK CR 10, ¶ 31, 990 P.2d 253, 265. This Court has upheld a defendant's waiver of his or her right to be present at trial where a knowing and voluntary waiver was found in the record, i.e., "a verbal waiver after the defendant was advised of his/her rights, a voluntary absence, or disruptive conduct after an advice of rights." Watson, 2010 OK CR 9, ¶ 12, 234 P.3d at 114.

¶12 Defense counsel's announcement of his feelings in the present case did not operate to waive Petitioner's constitutional and statutory rights. As nothing in the record establishes that Petitioner knowingly and voluntarily waived his right to be present at the evidentiary hearing, we find that he was denied due process.

¶13 Citing Petitioner's failure to argue on appeal that his plea was not knowingly or voluntarily entered, the State argues that this error was harmless. The denial of the constitutional and statutory right to be present is subject to harmless error review. Watson, 2010 OK CR 9, ¶ 16, 234 P.3d at 115; Van White, 1999 OK CR 10, ¶ 32, 990 P.2d at 265. In order for a constitutional error to be deemed harmless the Court must find beyond a reasonable doubt, that it did not contribute to the verdict. Watson, 2010 OK CR 9, ¶ 16, 234 P.3d at 115 (citing Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). "The standard for constitutional violations is well-known: reversal is in order unless the State can show the error was harmless beyond a reasonable doubt." Id., (citing Arizona v. Fulminante, 499 U.S. 279, 295, 111 S.Ct. 1246, 1258, 113 L.Ed.2d 302 (1991)).

¶14 We cannot agree with the State's assertion. Petitioner entered a no contest blind plea on the morning of his jury trial. Petitioner's Motion to Withdraw Plea alleged all of the counts should have merged pursuant to 21 O.S.2011, § 11 and that the plea was not knowingly and voluntarily entered. Petitioner did not withdraw either claim prior to the evidentiary hearing. Because Petitioner was the only person who could fully explain why the plea was not knowingly or voluntarily entered, his testimony was essential to the outcome of the hearing. As Petitioner was not present at the hearing, he was unavailable to provide testimony in support of this claim and defense counsel withdrew that portion of the motion challenging the validity of the plea. On appeal, Petitioner could not properly raise this issue because there was no evidence presented at the evidentiary hearing. See Anderson v. State, 2018 OK CR 13, ¶ 4, 422 P.3d 765, 767 ("If a matter is not presented to the trial court, there is nothing for this Court to review."). The effect of Petitioner's absence was to deny him the record required for this Court's review of the voluntariness of his no contest plea. Id., 2018 OK CR 13, ¶ 4, 422 P.3d 765, 767. Therefore, we conclude the State has not shown that this error was harmless beyond a reasonable doubt. We find the case must be remanded to the District Court for a proper hearing on Petitioner's motion to withdraw.

¶15 In Proposition Two, Petitioner challenges the effectiveness of counsel throughout the proceedings. In light of the error which occurred and the relief granted in Proposition One, we find that this issue is moot.

DECISION

¶16 The Petition for a Writ of Certiorari is GRANTED. The case is REMANDED TO THE DISTRICT COURT FOR AN EVIDENTIARY HEARING ON THE MOTION TO WITHDRAW PLEA CONSISTENT WITH PETITIONER'S RIGHT TO BE PRESENT. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF MUSKOGEE COUNTY
THE HONORABLE MICHAEL NORMAN, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 DAN MEDLOCK
 ATTORNEY AT LAW
 620 WEST BROADWAY
 MUSKOGEE, OK 74401
 COUNSEL FOR DEFENDANT
 
 
 RICKI J. WALTERSCHEID
 APPELLATE DEF. COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR PETITIONER
 
 
 
 
 
 NALANI CHING
 ASST. DISTRICT ATTORNEY
 220 STATE STREET
 MUSKOGEE, OK 74401
 COUNSEL FOR THE STATE
 
 
 
 MIKE HUNTER
 ATTORNEY GENERAL OF OKLA.
 JENNIFER B. WELCH
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 
 
 

OPINION BY: LUMPKIN, P.J.

LEWIS, V.P.J.: Concur in Part Dissent in Part
HUDSON, J.: Concur
KUEHN, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

[1] Petitioner is required to serve 85% of his sentences for First Degree Robbery and First Degree Burglary prior to becoming eligible for consideration for parole. 21 O.S.Supp.2014, § 13.1.

LEWIS, VICE PRESIDING JUDGE, CONCURS IN PART AND DISSENTS IN PART:

¶1 I agree in principle with the majority that the hearing on a motion to withdraw the plea is a critical stage of a criminal prosecution, and that due process protects the right to be present when necessary to a full and fair hearing. We need not explicitly "recognize" this right or enhance it with new procedural requirements, because it already exists. I respectfully disagree that the Petitioner here was denied the right to be present at this hearing, or that he has shown any constitutional harm as a result.

¶2 Petitioner's technical challenge to counsel's waiver of his presence rather cleverly avoids any material substance about how his presence might have contributed to, or possibly altered, the outcome. Trial counsel appeared at the hearing and informed the court that he and the Petitioner had discussed the motion, and that counsel was prepared to proceed on Petitioner's behalf. Counsel then specifically renounced the prior written claim that the plea was involuntary, and argued for sentencing relief based on a theory of merger.

¶3 The lawyer is an officer of the court as well as an agent of the client, and is generally presumed to possess the authority to act for a client in the matter under representation until the contrary is shown. North Side State Bank v. County Commissioners, 1994 OK 34, ¶ 25, 894 P.2d 1046, 1055. Petitioner has not rebutted this presumption, and thus has not shown that his presence was "denied" in any meaningful sense. Counsel was not simply stating his "feelings" about Petitioner being present. A fair reading of counsel's comments was that Petitioner's presence was unnecessary to a fair presentation of his actual claims. Indeed, if the record before us is "silent" in some important respect, it is deafeningly so as to any facts that would draw into question the Petitioner's waiver of his right to a jury trial, and his consent to being found guilty and sentenced by the court.

¶4 We have never held that a personal waiver of the right to be present on the record is necessary for every important hearing in a criminal prosecution, especially when counsel is present to protect the defendant's interests. Such a rule would effectively demand the defendant's presence at all times, if only to consent not to be present. Nor does the Fourteenth Amendment guarantee this right "'when presence would be useless, or the benefit but a shadow.'" Jones v. State, 2006 OK CR 5, ¶ 70, 128 P.3d 521, 544 (quoting Snyder v. Massachusetts, 291 U.S. 97, 106-107, 54 S.Ct 330, 332, 78 L.Ed. 674 (1934)).

¶5 The procedural right to be present is not a license to trifle with the court, or for appellate counsel to revoke every ostensibly disadvantageous act or declaration made by trial counsel in the defendant's absence. Petitioner pled no contest, knowing that he would be found guilty and sentenced by the court within the statutory ranges, which he was. He was understandably disappointed with those sentences, but he has offered no credible, factual reason, either in the trial court or in this appeal, to doubt the knowing and voluntary nature of his pleas.

¶6 There are cases where the denial of a Petitioner's right to be present at the hearing on a motion to withdraw plea "would tend to thwart a fair and just determination of the issues," and violate due process of law. This is not one of those cases, and no relief is warranted.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1993 OK CR 47, 861 P.2d 314, RANDALL v. STATE
Discussed
 2002 OK CR 30, 53 P.3d 418, LOCKETT v. STATE
Discussed
 2004 OK CR 2, 83 P.3d 856, RYDER v. STATE
Discussed at Length
 2006 OK CR 5, 128 P.3d 521, JONES v. STATE
Discussed
 2010 OK CR 9, 234 P.3d 111, WATSON v. STATE
Discussed at Length
 2013 OK CR 18, 313 P.3d 274, TATE v. STATE
Discussed
 2018 OK CR 13, 422 P.3d 765, ANDERSON v. STATE
Discussed at Length
 1999 OK CR 10, 990 P.2d 253, 70 OBJ 870, Van White v. State
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 34, 894 P.2d 1046, 65 OBJ 1195, North Side State Bank v. Board of County Comm'rs of Tulsa County
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 741, Kidnapping
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 798, First Degree Robbery - Punishment
Cited
 21 O.S. 1283, Convicted Felons and Delinquents
Cited
 21 O.S. 1431, Burglary in First Degree
Cited
 21 O.S. 1720, Theft of Aircraft, Automobile, Automotive Driven Vehicle, or Construction or Farm Equipment
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA